# Wilhelm *versus* Cornell.

1. Where the plaintiff claimed that by contract he was entitled to demand for certain services rendered, the one-tenth part of the amount received by the defendant from a certain estate, the account of the defendant as acting executor of the estate, and his account as trustee under the will—the agreement for instituting the suit and division of the estate between them, and the valuation and distribution of the real estate between the parties to the suit and others were competent testimony, even though the accounts were pending before an auditor.

2. Where one party gives in evidence what a witness has previously testified to for the purpose of contradiction, the other party may give all the witness said on the same subject matter, but not every part of the testimony upon totally different subjects.

ERROR to the Court of Common Pleas of *Northampton County.*

The opinion of the court was delivered by

KNOX, J.—The case of the plaintiff below was presented in a two fold view. He claimed, first, that by a special contract he was entitled to demand for certain services rendered, the one-tenth part of the amount received by the defendant from the estate of Peter Miller, deceased. Second, that if the jury

did not find the special agreement set forth in the declaration, he was at all events entitled to recover a reasonable compensation for the services rendered. The defendant denied the contract, and also denied that any services were rendered.

Upon the first branch of the plaintiff's case it was necessary for him to show how much the defendant had received from Peter Miller's estate. For the purpose of fixing the amount, the plaintiff offered and the court received, first, the account of Samuel Wilhelm, acting executor of Peter Miller, filed in the Register's office. Second, the account of Samuel Wilhelm, trustee under the will of Peter Miller, filed in the office of the Prothonotary of the Common Pleas. Third, the agreement between Peter Miller, of Ohio, and Samuel Wilhelm, for the institution of legal proceedings to test the validity of the will of Peter Miller, deceased, and for the equal division of the estate between them, if successful. 4th. The valuation and distribution of the real estate of Peter Miller, deceased, between Peter Miller, Samuel Wilhelm, J. M. Porter, and M. H. Jones. The 1st, 2d, 3d, and 4th assignments of error are to the admission of this evidence. The objection made to its admission was that it was irrelevant. It is here argued that the accounts, agreement, and the paper showing the valuation and distribution, should have been excluded, because they did not tend to elucidate the matters in issue, and because the accounts were before auditors, and not finally disposed of. It is a sufficient answer to these allegations to say that the amount of the estate which the defendant had received was a necessary part of the plaintiff's case, and clearly involved in the issue raised by the pleadings; and that the papers admitted in evidence tended to fix this sum. Before a final decree this evidence was perhaps not conclusive, but it was at least the written declaration of the defendant that so much of the estate belonged to him, and in the absence of any contradictory proof the amount thus claimed might well be taken by the jury as the amount to which he was legally entitled under the agreement with Peter Miller, of Ohio. We are of opinion that there was no error in the reception of the evidence above stated.

5th Error. Reuben Willoner, a witness for the defence upon the trial, had also been called as a witness before arbitrators. To contradict his evidence given upon the trial in court, the counsel for the plaintiff read from the notes of evidence taken before the arbitrators a part of the cross-examination. The counsel for the defendant then proposed to read other portions of the testimony given by the same witness at the arbitration upon his re-examination. This was rejected by the court. As the plaintiff in error has not given us the evidence received, nor that which was rejected, we are bound to presume that

there was no connection between the one and the other, and upon this presumption the rejection was right. Where one party gives in evidence what a witness has previously testified to, for the purpose of contradiction, the other party may give all the witness said on the same subject matter, but not every part of the testimony upon totally different subjects, for this would in no manner disprove the contradictory statements.

6th and 7th Errors. The declarations and statements of Peter Cornell that he had no interest in the controversy which arose under the will of Peter Miller, and that he had no agreement with Wilhelm in relation to compensation for his services, were proper evidence to go to the jury, to disprove the allegation contained in the twelfth count of the plaintiff's declaration, and as such they were submitted to the jury; but the court refused to say that these declarations and statements, if found by the jury, would bar him from alleging the existence of the alleged agreement. In this the court below was clearly right. It is unnecessary for us to decide what the effect would have been if Cornell had sworn that he had no interest in the controversy, so as to insure his admissibility as a witness, for it does not appear that he was examined as a witness, or that if he was sworn, he was admitted upon testifying that he had no interest in the result. The declaration made to M. H. Jones appears to have been after Cornell's deposition was taken, and whether the deposition was even read, or the witness examined in court upon the trial of the ejectment spoken of, does not appear, nor does it appear that Wilhelm was in any manner misled by Cornell's declarations as to his interest. This branch of the case is entirely free from error.

The eighth assignment of error presents the question whether there was any evidence to submit to the jury upon the special contract alleged in the declaration.

It is stated in the charge of the learned judge before whom the cause was tried, that the only evidence to prove the contract to pay one-tenth of what was received, was to be found in the testimony of Joseph Woodring, who was called by the defendant to prove declarations made to him by the plaintiffs, and amongst other things, he testified that Cornell had once said that he had a bargain with " Wilhelm for the one-tenth part of all he might get from the Millers." This testimony was given in his examination in chief, and we know of no rule of law that required the court to withdraw it from the jury. True it was the plaintiff's own statement, and for that reason might not have been credited by the jury, but as it was given in evidence by the defendant, it was competent testimony, and the court had no power to say it was not entitled to weight. Its effect was solely for the jury. The manner in which it was submitted

[Colbert *v.* Caldwell.]

by the court to the jury was unobjectionable, as no binding instruction was given as to how much or how little weight should be given to it.

The 9th error is assigned as follows, viz: "That the jury having negatived the allegations in the 12th count of plaintiff's, there can be no recovery whatever."

This error does not appear to be assigned upon either the admission or rejection of evidence, or upon anything that was said or omitted to be said in the charge.  If there was nothing upon which judgment could be entered, a motion in arrest of judgment ought to have been made, or if it appeared upon the record that the plaintiff had no cause of action, a writ of error would lie.  It is sufficient, however, to say that it does not follow from the amount of the verdict, that the jury did not find the contract to pay to Cornell by Wilhelm the one-tenth part of what Wilhelm should receive from the estate of Peter Miller.  The value of the estate was a question of fact for the jury, and what the one-tenth part was worth under the evidence.  A gross error in this respect would doubtless have afforded good ground for a new trial, but we cannot review it upon a writ of error.

10th and 11th Errors. We agree with the common pleas, that the amount of property which the defendant had received, was in evidence before the jury, and that if the jury found the contract to pay to the plaintiff a certain part of that amount, the measure of damages was the part agreed to be paid.  This is the fair construction of the concluding part of the charge, and the instruction was clearly right.  Upon the whole case we see no error in this record.

                                      Judgment affirmed.