## JACOBI *v.* PFAR & KAMMER.

A mistake or inaccuracy in a bill of particulars not calculated to mislead the defendant, will not be deemed material.

A bill of particulars, which indicates the transaction out of which the plaintiff's demand arises, and which could not mislead the defendant, is sufficient, although it does not specify the technical description of the right which has accrued to the plaintiff; as where the bill of particulars charges the defendant with certain property, evidence may be given that he had received it as a warehouseman from the plaintiff, had sold it and failed to pay over the proceeds arising from the sale.

*Error to Pulaski Circuit Court.*

Hon. LIBERTY BARTLETT, Circuit Judge.

STILLWELL & WASSELL, for plaintiff.

The object of a bill of particulars is to apprise the opposite party of the nature of the claim, so there can be no surprise. *Brown v. Williams, 4 Wend., 368.* And its effect is to confine the range of proof. *1 Hall, 379; 17 Wendell, 22; 2 Arch., 199; 3 Starkie Ev., 1057.* Proof of property received will not support counts for money had and received, and money paid out and expended. *Miller v. Alcorn, 3 Bibb, 267.*

COMPTON, J.

In this case—which was an action of assumpsit—Pfar & Kammer recovered judgment against Jacobi in the court below.

The plaintiffs declared for goods sold and delivered, and for money had and received, and filed a bill of particulars, as follows:

Henry Jacobi, Little Rock, Arkansas,
1861.                                       To Pfar & Kammer, Dr.

| | | | | | |
|---|---|---|---|---|---|
| January 10. | To one phæton top buggy, | - | - | $225 | 00 |
| | "   "   Prince Albert do., | - | - | 220 | 00 |
| | "   "   open buggy, | - | - | 120 | 00 |
| | | | | $565 | 00 |
| Mar. 8. | Cr. by cash,. | - | - | - | - | 200 | 00 |
| | Balance, | - | - | - | - | $365 | 00 |

The evidence introduced by the plaintiffs shows that the buggies, mentioned in the bill of particulars, were shipped by them on the 10th of January, 1861, to Jacobi, for W. R. Cox & Bro., Little Rock, Arkansas, who refused to take them, and that they remained in the possession of Jacobi, who, afterwards, sold them and paid the plaintiffs $200, leaving a balance

against him of $365. To the introduction of this evidence the defendant objected, because the plaintiffs had made no claim, for money had and received, in their bill of particulars, which raises the only question presented for the consideration of this court.

Conceding the rule to be, that the particulars of the plaintiffs' demand are considered as incorporated with the declaration, and that the plaintiffs cannot give evidence outside of them, it is, nevertheless, equally well settled, that, as the object of this strictness is to apprise the opposite party of what will be attempted to be proved against him at the trial, a mistake or inaccuracy in the bill of particulars, not calculated to mislead or deceive him, will not be deemed material. Thus, in *Brown v. Hodgson, 4 Taunton, 189,* the plaintiff declared for goods sold, and for money paid, and delivered to the defendant a bill of particulars: " To 17 firkins of butter, £55 6s." The evidence was, that Payne sent the butter to London, consigned to Pen, by the hands of Brown, a carrier, who, by mistake, delivered it to Hodgson, and he appropriated it to his own use. Pen had paid Payne for the butter, and Brown, admitting the mistake he had made, paid Pen the value. It was insisted that the plaintiff could not go into evidence under the count for money paid, because the bill of particulars specified no such claim; but the court ruled otherwise, and held that the plaintiff was entitled to recover, upon the evidence, on the count for money paid, MANSFIELD, C. J., remarking that the bill of particulars sufficiently expressed to the defendant that the plaintiffs' claim arose on account of the butter, and that bills of particulars should not be construed with all the strictness applicable to declarations. So, in the case before us, we do not think the defendant could have been misled. The bill of particulars indicated the transaction out of which the plaintiffs' demand arose, and that was sufficient, without specifying the technical description of the right which accrued to the plaintiffs.

Judgment affirmed.