## Case No. 16,521.

### UNITED STATES v. TILDEN.

[10 Ben. 547.] [1]

District Court, S. D. New York. Sept., 1879.

BILL OF PARTICULARS—INCOME TAX—LACHES.

1. The United States brought suit for an unpaid balance of income tax, alleged to be due from the defendant during a period of ten years. Among other defences, it was denied that the defendant's taxable income exceeded the sums on which he had paid the tax. The defendant moved for a bill of particulars, making affidavit that "he in good faith intends to defend the action, and that he is ignorant of the particulars of the claim made against him, and that it is necessary and material to his defence that he shall have rendered to him a bill of the particulars thereof, as he is advised by his counsel and

---

[1] [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]

verily believes." and the district-attorney made affidavit that "it is not in his power, and to the best of his knowledge and belief not in the power of the plaintiff, to state all the items or particulars which have to be considered in determining what defendant's taxable income was:" Held, that the case was not a proper one in which to order a bill of particulars.

2. The granting or refusing a bill of particulars is a matter in the discretion of the court under the circumstances of the particular case.

3. In general, such a bill is not ordered where the matters of which information is thus sought are peculiarly within the knowledge of the defendant or more within the defendant's than the plaintiff's knowledge, or where, from the nature of the case, the plaintiff cannot be reasonably expected to be able to give the items of his claim with certainty.

4. Whether a delay from April, 1878, when the demurrer to some parts of the answer was finally disposed of, till September, 1879, when this motion was made, would be fatal to the application for a bill of particulars, if defendant were otherwise entitled to it, or whether such application should be denied because at an intervening term of the court the defendant's counsel had announced that they were ready and desirous to go to trial, quære.

[This was an action by the United States against Samuel J. Tilden to recover certain income taxes. Heard on a motion for a bill of particulars of the complaint of the plaintiff.]

S. L. Woodford, U. S. Dist. Atty., and S. B. Clarke, Asst. U. S. Dist. Atty.

T. Harland and A. J. Vanderpoel, for defendant.

CHOATE, District Judge. This is a suit brought to recover of the defendant certain sums alleged to be due and owing from him for income taxes during the years 1863 to 1872 inclusive, over and above the amounts paid by him for his income taxes for said years respectively. The complaint alleges in separate counts for the several years the receipt of a certain sum of money as income in excess of the several specified sums, amounts and receipts which, by the law in force in said several years, were exempt from taxation as income, and in excess of the amount on which the defendant paid tax for such years respectively. The answer sets up certain defences growing out of the returns made by the defendant to the assessors and the assessment and other proceedings thereon, or assessments made without any return by the defendant during certain years, and the payment of the taxes so assessed with the penalties where the same were required by law in default of returns. These defences have on demurrer been held insufficient in law as an answer to the complaint. The answer also denies the receipt of any income, gains and profits for which the defendant was liable to pay an income tax in excess of the income on which he was assessed and paid the tax. The answer was filed June 23d, 1877. The demurrers were finally disposed of in or before April, 1878. [See Case No. 16,521.] The defendant now moves for a bill of particulars of the plaintiff's complaint. He makes affidavit that "he in good faith intends to defend the action, and that he is ignorant of the particulars of the claim made against him in said complaint, that it is necessary and material to his defence that he shall have rendered to him a bill of the particulars thereof, as he is advised by his counsel and verily believes." He also makes affidavit that "the reason why this application was not sooner made, is that with reference to all preceding terms of the court since said answer was served, defendant has been advised by his counsel that the issue of fact herein could not then be brought to trial." In opposition to this motion, the district-attorney makes affidavit that "it is not in his power, and to the best of his knowledge and belief not in the power of the plaintiff, to state all the items or particulars which have to be considered in determining what defendant's taxable income for the several income years was; that he has filed a bill of discovery in the circuit court on behalf of the United States, to compel the defendant to make a disclosure thereof, and that said bill of discovery is now pending unanswered in said circuit court." The district-attorney also makes affidavit on information and belief to certain alleged misconduct of one of defendant's counsel with reference to certain books of account alleged to contain material evidence for the plaintiff in this action and which are said to have been improperly taken away in another district, while a witness was under examination in connection therewith.

This motion must be denied, upon the well-settled rules of practice, relating to the matter of bills of particulars. The object of such a bill is to prevent a surprise upon the trial by giving the defendant reasonable information as to the details of the claim made against him, and the effect of ordering the bill is to limit the plaintiff's evidence strictly to the items of his claim as detailed in the bill. The granting or refusing of the order in each case is a matter in the discretion of the court under the circumstances of the particular case. In general, such a bill is not ordered where the matters of which information is thus sought are peculiarly within the knowledge of the defendant, or more within the defendant's than the plaintiff's knowledge, or where, from the nature of the case, the plaintiff cannot be reasonably expected to be able to give the items of his claim with certainty. In all such cases the granting of the order is either unnecessary, or is likely to do more injustice to the plaintiff, than the refusal of the relief will do to the defendant. Such seems to me upon the affidavits presented, and considering the nature of the issue to be tried, to be the present case. The government is not to be presumed to know what any man's income is, still less the several parts of which it is made up. Every man is to be presumed to know these things with entire certainty. While the officers of the

government may have such credible information as to taxpayer's income as makes it proper to bring a suit to recover an excess of income tax due above that paid, that information may not be so specific or detailed as to enable the district-attorney in advance of the trial to set forth the items going to make up the income, with the certainty required in a bill of particulars. He may not be able, out of court and before trial, to obtain information from witnesses, who, under subpœna, may be compelled to disclose all the facts within their knowledge. Under our system of law, which allows one party to call the other as a witness, a party may rely for details on the examination of the other party as a witness in court. The affidavits in this case do not overbear or affect this presumption arising from the nature of the case. The defendant swears that "he is ignorant of the particulars of claim made against him." He does not swear that he is ignorant of the particulars of his income during the periods in question. All that he is ignorant of, is what receipts of money by him during those periods the district-attorney intends to put in evidence against him, and to claim as constituting taxable income. This may well be, but he is to be presumed to know and to have an account of all the sums of money he did receive, and as to those it may, I think, well be assumed that he or his counsel can readily anticipate which of them may be claimed to be in whole or in part taxable as income. I do not think that, practically, the defendant is in any danger of being surprised upon the trial by the attempted proof on the part of the government, through misinformation or otherwise, of the receipt of moneys, during the periods in question, which he did not, in fact, receive. If such proof should be offered, it would seem to be a matter easily defended against, or in the event of a genuine case of surprise of this kind, the defendant would not be without relief, as the trial can be delayed for the production of the necessary proof on his part. So as to the other points suggested, that may possibly arise, as, for instance, conflicting claims between the parties, as to what part, if any, of moneys received are taxable as income, or what deductions might be properly made; while a full bill of particulars, if in the power of the government to give it, might save considerable trouble and labor to the defendant and his counsel in preparing for trial, it seems not to be so necessary to prevent a surprise in meeting the case, that the government may put in evidence, that the defendant is in danger of injustice from the want of such a bill. On the other hand, the proof is that the plaintiff is, in fact, unable to furnish such a bill. Nor is it to be inferred from this fact, admitted by the district-attorney, that the suit is a mere fishing suit, brought for a general inquisition into the private affairs of the defendant, as suggested by the learned counsel for the defendant, who urge that the court should, by granting this motion, discountenance such a suit. As pointed out above, a plaintiff may have credible information which fully justifies an action, though that information be not such as enables him to make a bill of particulars. And it is not the office of a bill of particulars merely to discover the evidence on which a plaintiff relies, or the information on which his action is brought. The court must assume as to all parties before it, whether plaintiff or defendant, until the contrary appears, that they are acting in good faith, and that their pleadings, which are in the proper and accustomed form, are not frivolous nor intentionally false, but are intended to bring to trial the claim or defence set forth therein. That presumption holds as to the parties to the present action; and, moreover, in respect to the plaintiff, the complaint being made on its behalf by a sworn officer of the government, it must be further presumed that what he has done, he has done rightfully, in the due course of his official duty, and under the responsibility of his oath of office, upon the information presented to him. And while, of course, no deduction adverse to the truth of defendant's answer is to be drawn from this fact, yet this presumption in favor of the regularity of official conduct, would prevent the court from drawing the inference claimed by defendant's counsel from the alleged inability to furnish a bill of particulars, since such inability is not necessarily inconsistent with good faith in bringing and prosecuting the plaintiff's action.

I have not found it necessary to consider whether, if the defendant were otherwise entitled to a bill of particulars, the motion should be denied on the ground of delay in applying for it, or because at the last April term of the court the defendant's counsel, when the case was called for trial, answered that they were ready, and would prefer to go to trial, but yielded to the district-attorney's application for delay, that he might have the opportunity to file a bill of discovery in the circuit court, a fact within the knowledge of the court, though not stated in the affidavits. It would seem that the position then taken by counsel was inconsistent with the advice now given by them to the defendant, and in such a case perhaps it should be shown that since the case was declared to be ready, some further information received, or at least some new view taken by counsel, suggests a danger in going to trial, not before seen. But however this may be,—and this difficulty, if real, might be obviated by further affidavits, —I prefer to put the decision of the motion on the grounds above stated.

I have also disregarded the alleged misconduct of one of defendant's counsel, which I do not think has any relevancy to this motion.

Motion denied.