JOHN J. VOORHEES AND THEODORE BOORAEM v.
HENRY J. BARR.

1. The bill of particulars of a demand upon which an action at law is founded forms no part of the declaration to which it is annexed.

2. A bill of particulars is not within the meaning of the term "pleading" as used in section 132 of the Practice act. *Gen. Stat., p.* 2555.

3. The bill of particulars annexed to a declaration is designed to give notice to the defendant of the specific character of the demand whereof the declaration is general, and where the items thereof are uncertain or misleading, the proper practice is to demand a better bill of particulars, or by a special rule of the court, obtained upon notice, compel a more specific one to be furnished, rather than to move to strike out the uncertain or misleading items.

4. If the defendant, by the bill of particulars annexed to the declaration, or furnished on demand or in compliance with a rule of the court,

fairly and substantially sets forth the character of the services or claim for which the action is brought, and the items and amounts for which recovery is sought, with the dates, it must be deemed sufficient. It need not state the terms of the contract for such services or upon which the claim is founded, nor the evidence to be produced at the trial to sustain the action.

5. Attorneys and solicitors may lawfully charge reasonable fees for services rendered without a contract for a specific sum, and counsel fees for advocacy are recoverable if an express contract therefor exists between counsel and client.

On motion to strike out items of the bill of particulars annexed to the declaration in the above cause.

Argued at February Term, 1896, before Justices LIPPINCOTT and LUDLOW.

For the motion, *Chauncy H. Beasley.*

*Contra, Voorhees & Booraem.*

The opinion of the court was delivered by

LIPPINCOTT, J.   The plaintiffs in this action are attorneys and counsellors at law of this state, and this action is by them, as partners, against the defendant for services as his attorneys and solicitors, and for counsel fees for advocacy in the courts of this state and the courts of the United States, in his behalf, as well as for other items, for money loaned and taxed bills of costs incurred in litigation between the defendant and other parties.

The motion is to strike out of this bill of particulars all items for services as attorneys and solicitors to the defendant, and all items of charge against him for counsel fees.

It may well be questioned whether the court has any power to strike out such a bill of particulars or any of the items thereof. The power given by section 132 of the Practice act (*Gen. Stat., p.* 2555) seems to restrict the power to any pleading which is irregular or defective. It has been held in this state that the bill of particulars forms no part of the record. *Church*

v. *Gordon*, 2 *Vroom* 264. The copy of a bond annexed to a declaration, but not referred to therein, is not a part of the record. *Harrison* v. *Vreeland*, 9 *Vroom* 366; *Brown* v. *Warden*, 15 *Id.* 177. Consequently, a bill of particulars does not come within the legal meaning of the term "pleading," as used in the statute. There are cases in which the notice of special matter intended to be proved under the plea of general issue has been stricken out, where the special matter constituted no defence to the action. *Bank* v. *Chetwood*, 3 *Halst.* 1; *Little* v. *Bolles*, 7 *Id.* 171; *Miller* v. *Halsey*, 2 *Gr.* 48, 50.

But such notices of special matter fulfilled in many cases the office of a special plea. *Little* v. *Bolles, supra; Ackerman* v. *Shelp*, 3 *Halst.* 125; *Tillou* v. *Britton*, 4 *Id.* 120; *Beale* v. *Berryman*, 1 *Vroom* 216. The notice should contain only such matter as, if pleaded, would be a bar to the action, and must be set forth in the notice with as much certainty and sufficiency as in a special plea. *Ibid.* Nothing which would be of substance in a special plea could be omitted from the notice, and when the general issue was the apt and only plea, the statute was not designed to permit the defendant to give notice.

The bill of particulars annexed to a declaration is designed to give notice to the defendant of the specific character of the demand, whereof the pleadings are general, and where the items are uncertain or misleading, the proper practice is, if the bill of particulars annexed to the declaration be defective, uncertain or insufficient, to make application to compel it to be made certain, specific and sufficient. The power of the court is ample to compel a sufficient bill of particulars to be furnished, and if failure be made in this respect to stay the action or nonsuit the plaintiff.

The bill of particulars may be amended by the plaintiff. *Tillou* v. *Hutchinson*, 3 *Gr.* 179.

The conclusion is, upon this ground, that this motion to strike out these items should be refused, and that if under the practice a better bill of particulars be required, the plaintiff should be permitted to furnish it upon demand or by a rule of the court.

There exists another reason why this motion should be refused. The examination of the bill of particulars reveals that items of the services of the plaintiff of the character to which reference has been made, are set forth separately and specifically, with date to each, and the amount thereof. It would thus appear that the defendant is made aware, fairly and substantially, of the character of the services for which the action is brought, and the amounts for which recovery is sought. There seems to be no defect in the information given him, and it is difficult to perceive how he can be misled or deceived as to the grounds on which the action is based, or the nature of the evidence to be relied on to sustain the right of recovery. We can have nothing to do on this motion with the question whether the plaintiff will succeed or not, and it is no part of the bill of particulars to acquaint the defendant with the principles of law which the plaintiffs will invoke to sustain their action, nor to set forth the details of the evidence which will be introduced. The contract for these items of service need not be set out in the bill of particulars. If the contract be in writing and in the possession of the plaintiffs, they are bound, upon demand, to furnish a copy to the defendant and to submit to an inspection of it. The bill of particulars need only to substantially apprise the opposite party of the nature of the claim against him. *Stothoff* v. *Dunham's Executors,* 4 *Harr.* 181. It need not show the cause of action as the declaration does. *Stead* v. *Kehrman,* 16 *Phila.* 79. It indicates the transactions out of which the demand arose without specifying a technical description of the right of action. *Jacobi* v. *Pfar,* 25 *Ark.* 4. It is sufficient if, on the part of the defendant, there can be no mistake as to the preparation to be made to resist the claim. *Smith* v. *Hicks,* 5 *Wend.* 48. It is the particular subject-matter which is to be set forth in the bill of particulars. *Van Voorst* ads. *Morris Canal Co., Spenc.* 200.

But it is again contended that these items in this bill of particulars are for services of the plaintiffs rendered for the defendant in his litigations in the courts, and for counsel fees

for advocacy therein in his behalf in such litigations, and that there can be no recovery for such items without an express contract fixing the sum for such services can be shown, and as such contract is not set forth in the declaration or the bill of particulars, these items should be stricken out. As has been said, the bill of particulars is no part of the declaration, and if the proposition here presented was one about which there could arise a difference of opinion it would be the manifest duty to refuse the motion to strike out the items.

But the nature of the services and the amounts charged are fully stated, and if the contention of the defendant be correct in law, that no recovery can be had for such claims, his defence will be that no express contract existed between them, and upon that subject no more explicit information can be imparted to him than that already possessed by him, and it is not incumbent upon the plaintiffs to state the evidence in their bill of particulars, nor the names of the witnesses by which the express contract is expected to be proved.

It has been held in this court that an attorney at law can contract for a remuneration for his legal services. *Schomp* v. *Schenck*, 11 *Vroom* 195. It has also been held in the Court of Errors and Appeals that attorneys and solicitors may lawfully charge reasonable fees for services rendered without a contract for a specific sum. *Strong & Sons* v. *Mundy*, 7 *Dick. Ch. Rep.* 833. It also appears settled in law that counsel fees for advocacy are recoverable if an express contract for a specific sum to be paid therefor existed between counsel and client. *Schomp* v. *Schenck*, 11 *Vroom* 198; *Hopper* v. *Ludlum*, 12 *Id.* 182; *Zabriskie* v. *Woodruff*, 19 *Id.* 610; *Strong & Sons* v. *Mundy, supra*.

It is entirely sufficient to say that the character of the evidence at the trial may be such as to establish the right of recovery against the defendant in favor of the plaintiffs for the items in question, and they cannot be deprived of the opportunity to present such evidence.

It is not necessary on this motion to determine whether the declaration is in such legal form that such proof may be

admitted.   That is a question with which the trial court must deal when it is presented.   Here this motion is considered as if the bill of particulars, which is no part of the declaration, was entirely consonant with the pleadings.

Motion to strike out is denied, with costs.