## GREEN v. DELAWARE, L. & W. R. CO.

### (District Court, D. New Jersey. March 10, 1914.)

1. PLEADING (§ 316*)—BILL OF PARTICULARS—AUTHORITY TO ORDER.

A federal court has jurisdiction to order a bill of particulars when necessary to clarify issues, regardless of statute, or whether the action is founded on contract or tort.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 951; Dec. Dig. § 316.*]

2. PLEADING (§ 313*)—BILL OF PARTICULARS—EVIDENCE.

A bill of particulars being applicable only to the pleadings, an application for such a bill, in the absence of statute providing otherwise, will not be allowed where its purpose is to secure evidence.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 949; Dec. Dig. § 313.*]

3. PLEADING (§ 313*)—EVIDENCE—EXAMINATION BEFORE TRIAL—INTERROGATORIES.

Evidence may not be obtained before trial in an action at law by an application for a bill of particulars as to particular matters which are in fact mere interrogatories under Rev. St. § 861 (U. S. Comp. St. 1901, p. 661), providing that the mode of proof in the trial of actions at law shall be by oral testimony and the examination of witnesses in open court.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 949; Dec. Dig. § 313.*]

4. PLEADING (§ 313*)—BILL OF PARTICULARS—EXTENT OF INJURY.

An application for a bill of particulars asking plaintiff to state the nature, extent, and probable duration of her injuries, and her present physical condition as affected by such injuries, would not be granted, since such information might be obtained by an order for plaintiff's physical examination.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 949; Dec. Dig. § 313.*]

At Law. Action by Lillian M. Green against the Delaware, Lackawanna & Western Railroad Company. On motion to relieve plaintiff from filing a bill of particulars. Granted.

Wicoff & Lanning, of Trenton, N. J., for plaintiff.
Frederic B. Scott, of New York City, for defendant.

RELLSTAB, District Judge. The action is founded on negligence. The plaintiff having filed her declaration, the defendant demanded a bill of particulars, specifying 19 different matters in regard to which additional information was desired. The plaintiff thereupon moved to be relieved from answering such demand. At the argument, 6 of these specifications were withdrawn. The remaining 13 are as follows:

"(1) What was the date of your alleged injury?"
"(4) When you boarded the defendant's train, what did the plaintiff do?"
"(8) State particularly just how you were injured.
"(9) Was the sole cause of the plaintiff's injury the negligent and unskillful movement of the defendant's train, and, if not, what were the other causes of the plaintiff's injury?

"(10) Did you strike or hit yourself against a suit case or any other object upon the floor of the coach or car in which you were injured, and, if it was not a suit case, what was it you hit or struck?

"(11) Where was this object against which you struck or hit yourself at the time you entered the defendant's car in which you were injured?"

"(13) In what way or manner did the defendant negligently operate its said train?

"(14) State the nature, extent, and probable duration of your injuries.

"(15) State how the same has affected your earning capacity.

"(16) State what sum or sums of money you have lost by reason of said accident.

"(17) State what you have done to alleviate and effect a cure of your said injury.

"(18) State what sums of money you have spent or contracted to spend on account of said injury.

"(19) State your present physical condition as affected by said injury."

The plaintiff contends: First, that no bill of particulars is demandable in an action of tort; and, second, that the defendant is seeking evidence in advance of the trial, under the guise of a bill of particulars, and that its specifications, in reality, are interrogatories, which are not allowable in the federal courts.

[1] The first contention is not tenable. The purpose of the bill of particulars is to aid the opposite party to interpose the proper answer and prepare for trial, by giving him more specific information of the nature of the cause of action or defense than is often afforded by the permissible generality of the pleadings. The power of the court to order such clarification is incident to its general authority in the administration of justice, regardless of statute, or whether the action be founded on contract or tort. 31 Cyc. 567–576; Watkins v. Cope (N. J.) 86 Atl. 545; Buckeye Powder Co. v. E. I. Du Pont De Nemours Powder Co. (D. C.) 196 Fed. 514, 522; Wilson v. New England Navigation Co. (D. C.) 197 Fed. 88, 94. If the pleading is objectionable solely in respect to the generality of its terms, relief can be had only through a bill of particulars.

[2, 3] As to the second contention: As the bill of particulars is applicable only to the pleadings, it follows, in the absence of a statute providing otherwise, that it may not be used to secure evidence. An examination of the specified matters to which the demand for particulars relates shows that in the main they seek light in regard, not to the cause of action stated, but to matters of evidence, and that in reality they are interrogatories. Such means of securing evidence in advance of the trial is not permitted in the federal courts. R. S. § 861 (U. S. Comp. St. 1901, p. 661); Hanks Dental Association v. International Tooth Crown Co., 194 U. S. 303, 24 Sup. Ct. 700, 48 L. Ed. 989; Smith v. International Mercantile Co. (C. C.) 154 Fed. 786.

Of the specifications of the defendant's demand, Nos. 1, 8, 14, and 15 seek information concerning matters which, considered in the abstract, might be obtained through a bill of particulars; but, as the declaration is sufficiently explicit to give all the aid the defendant is entitled to in that regard, no additional particulars are demandable. The remaining specifications call for evidence only; and, as stated, that cannot be obtained through a bill of particulars.

[4] The information sought through Nos. 14 and 19, though in the nature of evidence, may be had by obtaining an order for the physical examination of the plaintiff. Camden & Suburban Ry. Co. v. Stetson, 177 U. S. 172, 20 Sup. Ct. 617, 44 L. Ed. 721.

The plaintiff's motion is granted.