## WETMORE v. GOODWIN FILM & CAMERA CO

(District Court, D. New Jersey. September 27, 1915.)

1. PLEADING ⊕⊃323—BILL OF PARTICULARS—WAIVER—"AS HERETOFORE."

Rev. St. § 914 (Comp. St. 1913, § 1537), requires the federal court in civil causes to conform as near as may be to the practice in the state courts of record. Act N. J. April 14, 1903 (Pl. p. 567) § 102 (3 Comp. St. N. J. 1910, p. 4082), authorizing demand of a bill of particulars in actions of contract, provided defendant demanded it before filing his plea was repealed by Act N. J. March 28, 1912 (P. L. p. 383) § 34, under which the Supreme Court promulgated rule 32, providing that bills of particulars might be ordered "as heretofore." Defendant, after answering, and after the cause was at issue and noticed for trial, moved for a bill of particulars setting forth plaintiff's claim in detail. *Held*, that the words "as heretofore" were not restricted to the practice under the act of 1903 or the earlier state statutes regulating the right to demand, but refer broadly to the power of the court to order in the premises, so that the defendant's right to the bill of particulars was not waived.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 976–979; Dec. Dig. ⊕⊃323.

For other definitions, see Words and Phrases, First and Second Series, As Heretofore.]

2. PLEADING ⊕⊃327—"BILL OF PARTICULARS"—APPLICATION.

In the absence of statute providing otherwise, a bill of particulars applies only to the pleadings, and is designed to aid the defendant in interposing the proper answer and in preparing for trial, by giving him detailed information regarding the cause of action stated in the complaint. It is not evidence per se, and to attempt to so use it is forbidden by Rev. St. § 861 (Comp. St. 1913, § 1468), requiring proof by oral testimony.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 993, 994; Dec. Dig. ⊕⊃327.

For other definitions, see Words and Phrases, First and Second Series, Bill of Particulars.]

3. COURTS ⊕⊃351—DISCOVERY—INTERROGATORIES—FEDERAL COURTS.

Interrogatories calling for detailed information regarding the cause of action stated in the complaint are not available in the federal courts.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 924; Dec. Dig. ⊕⊃351.]

4. PLEADING ⊕⊃323—BILL OF PARTICULARS—LACHES.

Delay in filing a motion for a bill of particulars setting forth the plaintiff's claim in detail until the first motion day after the cause had reached issue was not such laches as would defeat the motion.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 976–979; Dec. Dig. ⊕⊃323.]

At Law. Action by Edmund Wetmore against the Goodwin Film & Camera Company. Defendant's motion for bill of particulars, after issue joined, granted.

Collins & Corbin, of Jersey City, N. J., for plaintiff.

Chauncey G. Parker, of Newark, N. J., for defendant.

RELLSTAB, District Judge. The defendant, having answered the plaintiff's complaint (filed May 24, 1915), and the cause being at issue and noticed for trial, moves for a bill of particulars setting forth

in detail the plaintiff's claim. The sole question to be determined is: Has the defendant waived his right to such particulars? Under Rev. St. § 914 (Comp. St. 1913, § 1537), this court, in civil causes other than those in equity and admiralty, conforms, "as near as may be, to the practice" in the state courts of record, and an ascertainment of what that practice is will determine this question.

Prior to the act of the New Jersey Legislature approved March 28, 1912 (P. L. N. J. 1912, p. 377), the right of a litigant to demand a bill of particulars was regulated by section 102 of "An act to regulate the practice of courts of law (Revision of 1903)," approved April 14, 1903 (3 Comp. St. N. J. 1910, pp. 4053, 4082). This section authorized either party to demand a bill of particulars in actions on contract provided the defendant made the demand before he filed his plea, or the plaintiff demanded it before he filed his replication. This section was expressly repealed by section 34 of the act of 1912.

[1] Rule 32, promulgated by the New Jersey Supreme Court at the June term, 1913, under the authority of the last-named act, and which rule went into effect September 1, 1913, provides that "bills of particulars may be ordered as heretofore." The plaintiff contends that under this rule no order for a bill of particulars can be made unless it could have been demanded prior to 1912. The reasoning in this behalf is that the words "as heretofore" refer only to the practice authorized by section 102 of the said act of 1903, which, as stated, did not permit the making of such a demand by a litigant, except before plea or replication filed; but this fails to note the context in which such words are found. It is not that bills of particulars may be *demanded* as heretofore, but that they may be *ordered* as heretofore, and as the power of the court to so order was never legislatively restricted to its exercise before issue joined, it follows that the words "as heretofore" are not restricted, in their application, to the statute of 1903, or any of its predecessors, which regulated the right of a litigant to demand a bill of particulars, but refer broadly to the power of the court in the premises.

[2, 3] In Green v. Delaware, L. & W. R. Co., 211 Fed. 774, this court held that a bill of particulars is applicable only to the pleadings, and that, in the absence of a statute providing otherwise, it cannot be used to secure evidence; that its purpose is "to aid the opposite party to interpose the proper answer and prepare for trial, by giving him more specific information of the nature of the cause of action or defense than is often afforded by the permissible generality of the pleadings." In that case the demand for particulars was made by the defendant before plea filed, and the question whether the defendant waived his right to such particulars by answering to the merits of the complaint was not involved. More knowledge of an adversary's case is often necessary to prepare a defense than to frame a written answer which will survive an attack.

The demand in the present case is addressed to the complaint. It calls for detailed information regarding the cause of action stated in such complaint, and not for facts that could only be obtained by in-

terrogatories under the practice in the state courts—a practice not available in the federal courts. Green v. Delaware, L. & W. R. Co., supra. Particulars thus obtained are not evidence per se, and any attempt to so use them would run counter to R. S. § 861. Except the practice in the state courts be adverse to allowing a demand for a bill of particulars after issue joined, one should be ordered in this case, unless there are other sufficient reasons for disallowing it.

Watkins v. Cope, 84 N. J. Law, 143, 86 Atl. 545, one of the cases cited by this court in the Green Case as authority for the proposition that the power of the court to order a bill of particulars to aid a litigant in preparing for trial is an incident to its general authority in the administration of justice, whether the action be founded on contract or tort, seemingly justifies ordering a bill of particulars even after issue joined; and, in Zietarski v. Hahne Co., decided in the New Jersey Supreme Court September 27, 1913, the Chief Justice ordered that a bill of particulars be furnished the defendant after he had answered the plaintiff's complaint. This accords with the practice seemingly authorized at common law. 1 Burrill's Practice, 430; 3 Chitty's General Practice, 611, 612. No state decision announcing a contrary rule has been cited, and as such a practice, kept within bounds—avoiding unduly restricting the plaintiff's case, while aiding the defendant against being surprised at the trial—will save time, labor, and expense in the trial of the real controversy, it should and will be followed in this court.

[4] The plaintiff further contends that, even if the court has the power to order a bill of particulars in cases where the litigant has not the right to demand it, such power should not be exercised unless the motion therefore be seasonably made, and that in the present case defendant unduly delayed making such motion. The cause reached issue during the summer recess and the motion for such bill of particulars was noticed for the first motion day following it. In such circumstances there was no laches.

The defendant's motion is granted, subject to plaintiff's challenging any particular demanded as unduly restrictive of his case.