### BODINE v. FIRST NAT. BANK OF MERCHANTVILLE et al.

#### (District Court, D. New Jersey. June 26, 1922.)

1. **Pleading ⬤⟞385—Bill of particulars narrows issues.**
   The effect of a bill of particulars is to narrow the issues, and the party furnishing such a bill will be confined at the trial to the particulars specified.

2. **Pleading ⬤⟞313—Bill of particulars cannot be made to serve as interrogatories.**
   A motion for bill of particulars cannot be made to serve as interrogatories in a federal court to elicit evidence in an action at law.

3. **Pleading ⬤⟞316—Granting of bill of particulars discretionary.**
   Granting or refusing of a bill of particulars rests in the discretion of the court, and in general it will not be granted where the information sought is as likely to be within the knowledge of the demandant as in that of his adversary.

4. **Pleading ⬤⟞323(2)—Bill of particulars may be granted after answer.**
   A motion by defendant for a bill of particulars may be granted after answer, where it appears necessary for preparation of a defense.

5. **Pleading ⬤⟞317(5)—Bill of particulars of damages not generally demandable.**
   Where damages are claimed generally for breach of contract, a bill of particulars of the damages is generally not demandable.

6. **Pleading ⬤⟞317(5)—Plaintiff may be required by bill of particulars to set out contract sued on.**
   Where an action is based on a contract not set out, plaintiff may be required by a bill of particulars to set out the contract, and, if in writing, to furnish a copy thereof.

---

⬤⟞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**7. Pleading ⊕⇒317(5)—Names of alleged agents demandable by bill of particulars.**
> Where the complaint in an action against joint defendants alleges an agreement made by defendants' agents, not named, a defendant is entitled to a bill of particulars, giving the names of the alleged agents.

At Law. Action by Harry E. Bodine against the First National Bank of Merchantville and others. On motion by plaintiff to suppress demand by a defendant for bill of particulars. Granted in part.

Merritt Lane, of Newark, N. J., for the motion.

Bleakly & Stockwell, of Camden, N. J., for defendant Merchants' Trust Co. of Camden.

RELLSTAB, District Judge. **[1, 2]** Further consideration of the items of the demand for a bill of particulars in this case, after opportunity to test them in the light of the pleadings, has led me, contrary to my impression at the hearing of this motion, to allow a number of the particulars sought by the defendant Merchants' Trust Company of Camden. The court, by virtue of its general power to regulate the conduct of trials, is authorized to order a bill of particulars when it appears that a party is so situated that justice cannot be done without the aid of such a bill, and at the trial the party furnishing it will be confined to the particulars specified. Commonwealth v. Snelling, 15 Pick. (Mass.) 321. They are addressed to the pleadings, and will be ordered, when necessary to clarify the issues, or to aid the litigant in interposing the proper answers or replies to his adversary's pleadings, or in the preparation for trial, to prevent surprise thereat. However, in the absence of statute, they cannot be made to serve as interrogatories to elicit evidence in actions at law in the federal courts. Green v. Delaware, Lackawanna & Western R. Co. (D. C. N. J.) 211 Fed. 774; Wetmore v. Goodwin Film & Camera Co. (D. C. N. J.) 226 Fed. 352; Curtis v. Phelps (D. C.) 209 Fed. 261; Garfield v. Paris, 96 U. S. 557, 24 L. Ed. 821.

**[3]** The granting or refusing of such bill is a matter resting in the discretion of the court, and depends upon the circumstances of the particular case. United States v. Tilden, 28 Fed. Cas. 171, No. 16,-521; Gimbel Brothers v. Adams Express Co. (D. C.) 217 Fed. 318; Harper v. Harper (C. C. A. 4) 252 Fed. 39, 164 C. C. A. 151. In general, it will not be ordered where the information sought is as likely to be within the knowledge of the demandant as in that of his adversary. United States v. Tilden, supra; O-So-Ezy Mop Co. v. Channell Chemical Co. (D. C.) 230 Fed. 469. As the effect of particulars is to narrow the issues, care must be exercised not to unduly limit the scope of the evidence to be introduced at the trial. Curtis v. Phelps, supra.

**[4]** The demand in the instant case not having been made until after the pleadings were filed and issue joined, it is evident that no information was needed to answer the plaintiff's alleged cause of action, other than that which was obtained from his complaint or rested in the knowledge of the answering defendants. However, as stated in Wetmore v. Goodwin Film & Camera Co., 226 Fed. 353, supra:

"More knowledge of an adversary's case is often necessary to prepare a defense than to frame a written answer which will survive an attack."

---

⊕⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The 33 particulars demanded are summarized by the defendant's counsel under the following three heads:

"(1) How is plaintiff's general claim for $250,000 damages made up? (2) What, specifically, is the contract sued on, its terms, and its date? (3) Through what person or persons does plaintiff charge agency as against this defendant, Merchants' Trust Company?"

[5] As to damages: These are said to have been sustained by defendants' refusal to carry out their contract. There is no claim for special damages, and the nature of the causes of action set out negatives the idea that the damages are liquidated in character. In such cases a bill of particulars of the damages is not generally demandable (4 Standard Ency. of Proc. p. 389; 31 Cyc. p. 573), and as there is no showing, by affidavit or otherwise, that would take this case out of the general rule, the demands for a particularization in respect to damages are denied.

As to the contract: In substance, these two causes of action are founded upon an alleged transaction involving the taking over by the defendants, through a corporation organized for such purpose, of the property and business of a financially embarrassed company, of which the plaintiff was the principal owner. It is alleged that the plaintiff was induced to permit the defendants to secure such property upon their agreement to turn over to him the stock and business of the newly organized corporation, upon his performing certain conditions; that by their representations he was induced to manage for them the business so taken over, that he tendered the performance of these conditions to the defendants, and that they refused to make the transfer.

[6] The complaint does not state whether the agreement, representations, tender, and refusal referred to were oral or in writing. Eight of the particulars demanded call for a copy of these matters, if they are in writing. As they are the very bases of the alleged causes of action, copies thereof, if they are evidenced by writing and are in the plaintiff's possession, should be furnished. Maryott v. Young, 33 N. J. Law, 336; Voorhees v. Barr, 59 N. J. Law, 123, 126, 35 Atl. 651; Cullen v. Woolverton, 63 N. J. Law, 644, 44 Atl. 646. Carpenter v. Winn, 221 U. S. 533, 31 Sup. Ct. 683, 55 L. Ed. 842, cited as holding a contrary doctrine, does not apply to basic papers sued upon. The writings within the grasp of section 724, R. S. (Comp. St. § 1469), as construed in that case, are those "which contain evidence pertinent to the issue" emerging from the pleadings, and not those which underlie the tender of the issue; i. e., the very cause of action.

[7] As to agency: The complaint alleges that the agreement, representations, etc., referred to, were made by the defendants' agents, but fails to name them. As the defendants are alleged to be jointly liable, it is but proper that, on the demand of one of them, the agents through whom it is to be held liable should be named.

It follows that, of the particulars demanded, those that call for copies of written representations, agreement, tender, and refusal, and the names of the agents referred to, are allowed, and the others are suppressed.