### PEABODY *et al. v.* CORTADA *et al.*

(*Supreme Court, General Term, First Department.*    April 14, 1892.)

COUNTERCLAIM—BREACH OF CONTRACT TO PROTECT CREDIT—BILL OF PARTICULARS.

    Defendants alleged by way of counterclaim that plaintiff failed to perform his
agreement to protect their credit by paying certain drafts, and that in consequence
thereof numerous persons withdrew their accounts, whereby defendants were de-
prived of profits, and that many who otherwise would have dealt with them did
not do so, to their loss, etc.    *Held,* that plaintiff was entitled to an order directing de-
fendants to furnish a bill of particulars setting forth the names and addresses of
those who withdrew their accounts, and also the respective amounts in which their
credit was injured by the withdrawal of accounts, and the failure of others to do
business with them; but they should not be compelled to state the items of dam-
age, or the names and addresses of those who had not opened accounts with them.

Appeal from special term, New York county.

Action by Henry W. Peabody and another against Emilio Cortada and an-
other.    Defendants answered, setting up a counterclaim.    From an order re-
quiring them to file a bill of particulars, defendants appeal.    Modified.

Argued before VAN BRUNT, P. J., and O'BRIEN, J.

*Forster & Speir*, (*H. A. Forster*, of counsel,) for appellants.    *Shepard,
Terry, McKelvey & Prentiss*, (*Seth S. Terry*, of counsel,) for respondents.

VAN BRUNT, P. J.    This appeal is taken from an order directing the de-
fendants to furnish a bill of particulars of the counterclaim based on the
alleged breach by the plaintiffs of an agreement to protect the defendants'
credit by paying certain drafts.    The answer alleges, among other things,
that numerous persons having accounts with the defendants, which accounts
were for great sums of money, and from which the defendants derived
great profits, in consequence of the dishonor of the drafts, and the loss of
the defendants' credit thereby, withdrew their accounts, and refused and
still refuse to do any business with them, thereby depriving the defendants
of great profits which they would otherwise have made; and also that the
credit of said defendants was so injured by the nonpayment of said drafts
that many persons who would otherwise have done business with them did
not do so, thereby causing great losses to the defendants.    A bill of particu-
lars was ordered, among other things requiring the defendants to set forth
the names and addresses of the persons or firms who had accounts, but
had withdrawn them by reason of such breach of agreement to honor the
drafts, and also setting forth the names and addresses of the persons who
would otherwise have done business with the defendants, etc.    The learned
counsel for the appellants, in his brief, states that the defendants appeal from
so much of the order as directed them to furnish the name and address of
every person with whom the defendants would have done business if their
credit had not been destroyed, and the profits that would have been derived
from each of such persons, and an itemized statement of the amounts making
up their total loss of credit.    Upon an examination of the appeal, however,
it will be found that the notice of appeal is broader than that which is stated
in the points.    We see no reason why the defendants should not be required
to furnish the names and addresses of the firms who had accounts with the
defendants, but withdrew them by reason of such breach of the alleged agree-
ment to honor the drafts, because, if such persons exist, they must know
them, and would be entitled to give evidence of the fact upon the trial, and,

in order that the plaintiffs may be prepared to meet the same, it would be necessary that they should know the parties referred to in the bill of particulars. So far as the order requires a bill of particulars setting forth the names of the persons who would otherwise have done business with the defendants, but who refused to do so by reason of the alleged failure to honor such drafts, it seems to us that the plaintiffs were not entitled to this, because it may be exceedingly uncertain as to how far particularity in evidence upon this charge can be gone into upon the trial of the action. In respect to that part of the order which requires an itemized statement of the amounts making up their total loss of credit, we think that the plaintiffs were entitled to know, in a general way, the respective amounts in which the defendants claim their credit has been injured by the different classes of causes referred to in their answer; that is, the plaintiffs were entitled to know to what amounts the defendants claim to have been injured by the withdrawal of accounts, and also the amounts in which the defendants claim to have been injured by reason of the loss of business from those who would otherwise have done business with them, and also the amount in which they claim to have been damaged by reason of the destruction of their credit. But, beyond this, we do not think that the plaintiffs are entitled to claim information from the defendants as to the items of damages. The order should be modified in accordance with the suggestions in this opinion, and as modified affirmed, without costs.