(66 App. Div. 603.)

BELL v. HEATHERTON et al.

(Supreme Court, Appellate Division, First Department. December 6, 1901.)

1. LIBEL—BILL OF PARTICULARS—GENERAL DAMAGES—SPECIAL DAMAGES.
   Plaintiff in an action for a libel charging him with crime and dishonesty demanded a certain sum for injury to him in his business and standing, and a certain other sum as special damages on account of divers persons who had theretofore sold him goods on credit refusing to deal with him except for cash. *Held*, that a bill of particulars of the special, but not of the general, damages alleged, might be properly required.

2. SAME—SPECIAL DAMAGES.
   The bill of particulars of the special damages should be confined to the names and addresses of the persons, firms, and corporations the loss of whose trade and business resulted in the damages.

Appeal from special term, New York county.

Action by Eugene C. Bell, doing business under the name of the Bell Manufacturing Company, against James M. Heatherton and another, individually and as trustees of the estate of James M. Heatherton, deceased. From an order requiring plaintiff to furnish a bill of particulars, plaintiff appeals. Modified.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Samuel Sturtz, for appellant.

William C. Prime, for respondents.

LAUGHLIN, J. The action is to recover damages for the publication of a libel in the Plumbers' Trade Journal. The plaintiff is a dealer in plumbers' supplies, and the defendant Heatherton is the editor, and he and the defendant Cooper are the proprietors, of said journal. The libel is alleged to have been published of and concerning plaintiff in his trade and business, charging him with crime and dishonesty. The plaintiff demands $25,000 for injury to him in his business, reputation, and standing in the community, and $5,000 as special damages on account of the refusal of divers persons who had theretofore sold him goods on credit to deal with him or deliver to him goods, including goods theretofore ordered, without payment of cash. The order from which the appeal is taken requires a bill of particulars of the general damages, particularly setting forth the names, residences, and places of business of the individuals, firms, and corporations with whom plaintiff has been doing business, and with whom his business relations have been injuriously affected by the alleged libel, and the dates and circumstances of the damage to his business, reputation, and standing in the community. It also requires a bill of particulars of the special damages, and of the goods the delivery of which has been refused without payment of cash. Under an allegation of general damages, although the general loss or falling off of business may be shown to aid the jury in estimating the damages, no special damages are recoverable, and in actions for libel a bill of particulars as to such damages should not be ordered; but it is proper to require a bill of particulars of the special damages. Dietz v. Leber, 33 App. Div. 563, 53 N. Y. Supp. 977; Stokes v. Stokes, 72 Hun, 372, 25 N. Y. Supp. 405; Bank v. Hand, 9 App. Div. 615, 41 N. Y. Supp. 823; Bolognesi v. Hirzel, 58 App. Div. 530, 69 N. Y. Supp. 534; Cruikshank v. Bennett, 30 Misc. Rep. 232, 62 N. Y. Supp. 118; Peabody v. Cortada (Sup.) 18 N. Y. Supp. 622. But the bill of particulars of the special damages should have been confined to the names and addresses of the persons, firms, and corporations the loss of whose trade and business resulted in the damages. Jacobs v. Water Overflow Preventive Co. (Sup.) 25 N. Y. Supp. 346; Dueber Watch Case Mfg. Co. v. American Waltham Watch Co., 51 N. Y. St. Rep. 459, 22 N. Y. Supp. 69.

The order should be modified accordingly, and as thus modified affirmed, without costs to either party. All concur.