PATTERSON v. CORN EXCHANGE OF BUFFALO et al.

(District Court, W. D. New York. July 24, 1912.)

1. Pleading (§ 317*)—Bill of Particulars—Blacklist—Boycott.

Plaintiff sued an exchange and various individual defendants, alleging injury to his business, good name, reputation, and credit by reason of defendants' unlawful combination and conspiracy, in that on October 7, 1907, defendants unlawfully blacklisted and boycotted him on the exchange, since which time he had been prevented from buying grain in the Buffalo market, and had been forced to abandon his business as a shipper of grain in Wilkes-Barre, and compelled to accept other unfavorable markets or discontinue his business entirely, seeking to recover both actual and punitive damages. *Held* that, though the words "post" and "blacklist" did not lack definiteness, yet, they being used in connection with the word "boycott," which was indefinite, defendants were entitled to a bill of particulars stating the respects in which their acts were unlawful and the manner of their combination or agreement to injure plaintiff in his business or reputation, without setting out the evidence as to the details of the conspiracy, or disclosing the witnesses on whom plaintiff relied to prove his case.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 954–969; Dec. Dig. § 317.*]

2. Pleading (§ 313*)—Bill of Particulars.

An application for a bill of particulars in an action for conspiracy is usually granted on the theory that such bill tends to define the issue more clearly, and tends to expedite the trial and to promote justice.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 949; Dec. Dig. § 313.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

3. DAMAGES (§ 141*)—BILL OF PARTICULARS—DAMAGES.

Where, in an action for conspiracy, plaintiff did not claim special damages, he should not be required to particularize his claim for actual and punitive damages.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 406–408; Dec. Dig. § 141.*]

At Law. Action by Richard S. Patterson against the Corn Exchange of Buffalo and others. On motion for bill of particulars. Granted.

Edmund G. Butler and Rush Trescott, both of Wilkes-Barre, Pa., and Harris S. Williams, of Buffalo, N. Y., for plaintiff.

Kenefick, Cooke, Mitchell & Bass, of Buffalo, N. Y. (James McCormick Mitchell, of Buffalo, N. Y., of counsel), for defendants.

HAZEL, District Judge. The defendant the Corn Exchange of Buffalo and others of the defendants, there being upwards of 50 of them represented by different counsel, have moved the court on the pleadings and on the affidavit of one Pond, the secretary of the Corn Exchange, for a bill of particulars in this action. The defendants in whose behalf this motion was made have answered, denying generally the allegations of the complaint. The plaintiff in opposition to the motion has submitted his own affidavit, and claims to have suffered actual damage in his business in the sum of $50,000 by reason of the asserted unlawful conduct of the defendants and demands an additional amount of $100,000 for loss of reputation and as punitive damages. In paragraph 8 of the complaint it is substantially alleged that the plaintiff was injured in his business and in his good name, reputation, and credit by reason of the unlawful combination and conspiracy of the defendants; that on October 7, 1907, the defendants unlawfully posted, blacklisted, and boycotted him on the Corn Exchange of Buffalo, since which time he has been prevented from buying grain or grain products in the Buffalo market. In paragraph 9 he asserts that he was forced to abandon his business as a shipper of grain in the city of Wilkes-Barre, and because of the unlawful combination has been compelled to seek other markets in which to buy grain and grain products in order to continue his business as a miller; that such markets are remote from his place of business; and that the transportation facilities are so inadequate and unsatisfactory and the freight rates so exorbitant that his business was destroyed.

[1] The allegations do not sufficiently apprise the defendants in what respect they acted unlawfully, or in what manner they combined or agreed to injure the plaintiff in his business or reputation. They are entitled to be informed in what manner they wickedly and maliciously combined and confederated together to the plaintiff's injury; and while the evidence need not be set out with minuteness as to the details of the alleged conspiracy, nor is disclosure required of the names of witnesses upon whom plaintiff relies, still such particulars relating to the unlawful combination must be imparted as will enable the defendants to meet, controvert, or explain them if possible at the trial.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In view of the unusual nature of the case, it is almost obvious that a bill of particulars is necessary, and would prove helpful at the trial. The act or acts upon which the plaintiff relies to constitute a boycott should be set forth. True, the words "post" and "blacklist" as used in paragraph 8 do not lack definiteness, but, as they are used in connection with the word "boycott," the specific acts of omission or commission which in plaintiff's judgment constitute the boycott should be made known to the defendants in advance of the trial. Furthermore, the plaintiff should state his grounds for believing that he was unable to buy grain in the Buffalo markets, and why he could not buy such commodity to advantage in other markets. In view of the fact that the Corn Exchange of Buffalo by its secretary has sworn that it is ignorant of the particulars of the plaintiff's claim, the defendants should not be deprived of a bill of particulars merely because plaintiff believes that the defendants have knowledge of the facts upon which plaintiff relies.

[2] The courts of the state of New York in decisions construing the statute governing provisions of this nature, decisions this court is bound to follow, hold (Taylor v. Security Mutual Life Ins. Co., 73 App. Div. 319, 76 N. Y. Supp. 671) that applications of this character are usually granted on the ground that a bill of particulars tends to define the issue more clearly than does the complaint, and not infrequently tends to expedite the trial and to promote the ends of justice. It is thought that the defendants cannot be prepared to meet the charges contained in the complaint without being furnished with the information sought. To require the plaintiff to state the nature of the conspiracy, the acts relating to a boycott, together with the names of any defendant or defendants who refused to sell him grain or grain products, the names of those from whom he attempted to buy, and a list of his subsequent purchases from others at a loss, is not to require a disclosure of such evidence prior to the trial as is apt to result in his prejudice.

[3] But, in the absence of a demand for special damages, I do not think that the plaintiff should be required to particularize his claim for actual and punitive damages. In his brief he practically disclaims any right to recover special damages, and contends that the complaint alleges a claim for general damages only. Bell v. Heatherton, 66 App. Div. 603, 73 N. Y. Supp. 242. The motion for a bill of particulars as herein specified, to be filed within 20 days, is granted; but the demand for the particulars of plaintiff's damages is denied.