### ATLANTIC COAST LINE R. CO. v. RAULERSON.

(Circuit Court of Appeals, Fifth Circuit. July 1, 1920. Rehearing Denied July 31, 1920.)

No. 3502.

1. Negligence ⚹119(1)—Proof of one of several charges sufficient.
   To entitle a plaintiff to recover on a count containing several charges of negligence it is not necessary to prove all of such charges.

2. Appeal and error ⚹273(5)—Exceptions to charge must be specific.
   An exception to a charge is not available, where it is general and does not direct the attention of the court to the particular part objected to and afford an opportunity for its withdrawal or correction.

⚹For other cases see same topi & KEY-NUMBER in all Key-Numbered Digests & Indexes

In Error to the District Court of the United States for the Southern District of Florida; Rhydon M. Call, Judge.

Action at law by Emma Raulerson against the Atlantic Coast Line Railroad Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Certiorari denied 254 U. S. ——, 41 Sup. Ct. 15, 65 L. Ed. ——.

J. L. Doggett, of Jacksonville, Fla., for plaintiff in error.

George C. Bedell, A. H. King, and Roswell King, all of Jacksonville, Fla., and T. A. Wallace, for defendant in error.

Before WALKER and BRYAN, Circuit Judges, and HUTCHESON, District Judge.

WALKER, Circuit Judge. This was an action by the defendant in error to recover damages for the death of her husband, which was attributed to negligence of the plaintiff in error in breach of its duty to the decedent as a passenger upon one of its trains from Jacksonville to Camp Joseph E. Johnston, a United States army camp, where the decedent was employed as a workman under a contractor engaged in government work there. The case went to trial on the second, third, and fifth counts of the amended declaration. The second and third counts charged that the deceased was killed by being thrown from the train in consequence of the negligent way in which it was stopped. The fifth count contained the following:

"For a fifth count plaintiff alleges all the allegations in the preceding counts, and further alleges that the defendant was also guilty of carelessness and negligence in the premises in this, to wit: That at said place defendant had carelessly and negligently placed and dumped a large pile of soft sand, and had allowed same to remain along the side of the track where said train stopped for deceased to alight, and that when deceased alighted or fell, as he was forced in the premises to do, on said pile of sand, it gave way under him, and he was thereby thrown under said train and instantly killed."

To each of the counts the plea of not guilty and several special pleas were interposed, and the following special plea was filed:

"And for an additional and special plea to the fifth count of said amended declaration the defendant says that it is untrue that it had placed or dumped a large pile of soft sand and/or had allowed the same to remain along the side of the track at the stopping place of said train."

Issue was joined on the above-mentioned pleas. There was evidence tending to prove that the cars in which the deceased and other workmen were carried by the plaintiff in error to Camp Johnston were box cars and cattle cars not provided with seats; that, as the train approached and reached the stopping place chosen by the defendant, the deceased was sitting in the door of a cattle car, and was either thrown out by a sudden jerk of the train, or alighted on a pile of sand alongside the track, which caused him to lose his balance, with the result that he fell under a car wheel and was killed by the sudden forward movement of the train, following its coming to a stop.

[1] Complaint is made of the court's refusal to give a written charge, requested by the defendant, which required a verdict in its favor on the fifth count. That complaint is based on the absence of

evidence to support the averment of that count that the defendant placed or dumped the sand along its track at the stopping place; the contention being that the evidence as to the sand did not show more than that the defendant allowed it to remain where it was placed or dumped along the side of the track. The refusal of the charge mentioned is justifiable, on the ground that the fifth count repeated the allegations of negligence made in the second and third counts, and made an additional charge of negligence, that it was capable of being supported by proof of either of the charges of negligence it contained, and that there was evidence to support the charges of negligence made in the second and third counts and repeated in the fifth count. For the plaintiff to recover on that count it was not necessary for her to prove all of the several charges of negligence it contained. 14 Ency. Pleading & Practice, 345.

[2] An assignment of error is based upon a part of the court's charge to the jury which was to the effect that it was a question for the jury to find from the testimony if the defendant placed or dumped a pile of sand, or had allowed the same to remain, along the side of the track. That particular part of the court's charge was not so excepted to as specifically to call the court's attention to the feature of it which in argument in this court was pointed out as the fault in it, namely, the absence of evidence proving that the defendant placed or dumped the sand alongside its track. The exception as made embraced other parts of the charge, which were not subject to criticism. The court's attention should have been so specifically directed to the particular part of its charge intended to be complained of as to be afforded the opportunity of withdrawing or correcting the part complained of, if, on consideration of the exception, it was deemed to be well founded. We are not of opinion that the exception in question was sufficiently distinct and specific to support an assignment of error based on it.

The conclusion is that no one of the assignments of error relied on in behalf of the plaintiff in error is sustainable.

The judgment is affirmed.