### C. W. YOUNG CO. v. UNION OIL CO. OF CALIFORNIA.

(Circuit Court of Appeals, Ninth Circuit. December 3, 1923.)

No. 4032.

1. Sales ⬖355(1)—In action for price of oil, cost of defendant's storage facilities held irrelvant.

In an action for the purchase price of oil sold by plaintiff to its retail agent, in which action agent counterclaimed for loss of profits from failure to furnish a sufficient supply of oil, but made no claim for expenses incurred, testimony as to the cost of storage facilities furnished by agent *held* not relevant.

2. Principal and agent ⬖41—Commissions not recoverable, unless principal had opportunity to fill orders.

An agent authorized to makes sales on commission cannot recover unearned commissions on unfilled orders from his principal, unless principal had knowledge of the orders and an opportunity to fill them.

3. Appeal and error ⬖273(6)—Exception held insufficient for review of instructions.

Where defendant in error merely excepted to "instructions of the court giving the definition of speculative damages," and the question of damages or the right to recover anticipated profits was referred to by the court in a number of instructions, some of which were admittedly free from objection, the exception saves no question for review.

⬖For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**4. Principal and agent ⊘103(7)—Agent not authorized to make contracts for future deliveries beyond term of agency.**

Under a contract between plaintiff and its agent to sell oil products on commission, providing that sales should be made for cash on delivery and expressly limiting agent's authority to the terms and conditions in the contract, *held*, that agent had no authority to enter into contracts for future deliveries that might extend beyond the terms of the agency.

In Error to the District Court of the United States for the Territory of Alaska; Thos. M. Reed, Judge.

Action by the Union Oil Company of California against the C. W. Young Company. Judgment for plaintiff, and defendant brings error. Affirmed.

In January, 1915, the plaintiff and the defendant entered into an oral contract by the terms of which the defendant was to act as agent for the plaintiff in the sale of gasoline and other oil products in the Territory of Alaska. The defendant agreed to furnish docks and warehouse and storage facilities for landing, storing, and handling the products, and the plaintiff agreed to furnish storage tanks at Juneau, and to supply the defendant during the life of the contract with sufficient gasoline and other oil products to satisfy the demands of all customers procured by it. The defendant was to receive a commission on all sales, and the contract was to remain in force for a period of three years, or until canceled by mutual consent, or by written notice from one party to the other. On February 14, 1917, this oral contract was superseded by a written contract. For present purposes the two contracts do not differ materially.

This action was brought to recover a balance due on the purchase price of gasoline and other oil products furnished and sold under the contracts in question. The answer, in addition to a formal and defective denial, contained two affirmative defenses or counterclaims—one based upon the oral contract; the other, upon the written contract. By these affirmative defenses or counterclaims the defendant claimed a right of recovery against the plaintiff for loss of profits in failing to furnish and supply a sufficient quantity of gasoline and other oil products to satisfy the demands of customers procured by it. A bill of particulars was later furnished by the defendant at the request of the plaintiff. Under the affirmative defenses, as limited by the bill of particulars, the defendant claimed a loss of profits in the sum of $9,996.86, on certain specific orders received and not filled, because of the failure of plaintiff to furnish and supply the gasoline and other oil products with which to fill the same, as required by the terms of its contract.

Upon the trial the defendant offered testimony tending to show the cost of the dock, warehouse, and storage facilities furnished by it; but, upon an admission by the plaintiff in open court that the defendant had performed its part of the contract in that regard, the testimony was excluded. The plaintiff had judgment below, and the defendant sued out the present writ of error. The assignments of error are based upon the ruling of the court excluding the testimony as to the cost of the dock and other facilities furnished by the defendant, and upon the charge of the court.

H. L. Faulkner, of Juneau, Alaska, for plaintiff in error.

Cooney & Kelley, of Los Angeles, Cal., and John R. Winn, of Ocean Park, Cal., for defendant in error.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

RUDKIN, Circuit Judge (after stating the facts as above). [1] Under the affirmative defenses, as limited and explained by the bill of particulars, the plaintiff in error based its right of recovery upon the

⊘For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

loss of profits on certain specific unfilled orders, and we are at a loss to know how the cost of the dock and other facilities could have any bearing upon that issue. For, waiving the question whether the cost of these facilities would be a proper element of damage in this case under any circumstances, we deem it sufficient to say that such cost was not made the basis of recovery, and the testimony offered was not relevant to any issue in the case.

The instructions of the court are numbered from 1 to 36, inclusive, and cover 24 pages of the printed record. The only exceptions to the instructions are in the following language:

"The defendant excepts to the instruction given by the court to the effect that the plaintiff did not undertake to keep the defendants supplied with sufficient oils on hand to supply the trade it could procure or the business it could procure, and we except to the instruction of the court giving the definition of speculative damages, and the defendant excepts to the instruction that the defendant was not warranted in entering into any contracts or agreements for future delivery of oils under the contract of 1915, unless the sales were confirmed."

The first and second exceptions failed to direct or challenge the attention of the court below to any particular part or portion of the charge, and are therefore of doubtful sufficiency. In instruction No. 7, the court charged the jury in general terms that, if the plaintiff failed to supply the defendant with the specified oils and greases in sufficient quantities to satisfy the demands of all customers procured by it within the territory designated, it would be liable in damages for such losses as the defendant sustained by reason of such failure. This instruction was qualified by instruction No. 8, in which the court charged the jury that, under the terms of the contract as pleaded, the plaintiff was not required to keep on hand at Juneau at all times a sufficient supply of oils to meet all possible demands, that the presumption was that the defendant would notify the plaintiff of all orders or contracts for the sale of oil procured by it, and that deliveries would be made by the plaintiff according to such notification. While not so stated in terms, this instruction had reference to the written contract only. Instruction No. 9 referred to the oral contract, and the court again charged the jury that it was the duty of the defendant to notify the plaintiff of all sales and prospective sales of oils for delivery to customers, unless the contract provided in terms that the oils and compounds mentioned in the contract should be at all times kept on hand at Juneau for such sales as the defendant might make.

[2] Under the general exception in question, counsel for the plaintiff in error challenges the correctness of instructions 8 and 9, although each instruction relates to a different contract and to a different subject-matter. But, waiving the question of the sufficiency of the exception, the objection to the instructions is not well founded. Manifestly an agent authorized to make sales on commission cannot recover unearned commissions on unfilled orders from his principal, unless the principal had knowledge or notice of the orders and an opportunity to fill them.

[3] The next exception relates to the definition of speculative damages as given by the court. The question of damages or the right to

recover anticipated profits was referred to by the court in a number of instructions, and some of these are admittedly free from objection. The exception is therefore insufficient for any purpose, and saves no question for review in this court.

[4] The last exception is doubtless directed to instruction No. 19, wherein the court charged the jury that there could be no recovery under the oral contract for loss of profits on orders or contracts for future deliveries, unless such orders or contracts were confirmed by the plaintiff. The written contract provided that all sales should be made for cash on delivery and the authority of the agent was strictly limited to the terms and conditions set forth and made a part of the contract. As already stated, the written contract was manifestly a mere continuation of the oral contract, and in this connection it is a significant fact that the terms of the two contracts are pleaded in the answer in almost identical language. We think it clear, therefore, that under the contract and under the testimony the agent had no authority to enter into contracts for future deliveries that might extend beyond the terms of the agency, unless such contracts were expressly authorized or subsequently ratified.

We find no error in the record, and the judgment is therefore affirmed.