## MARATHON LUMBER CO. v. DENNIS.

(Circuit Court of Appeals, Fifth Circuit. January 22, 1924.)

No. 4104.

1. **Trial ⬅️139(1)—Directed verdict for defendant proper only where plaintiff, as matter of law, not entitled to verdict.**

A peremptory instruction to return verdict for defendant is proper only where, admitting the truth of the evidence for plaintiff, as a matter of law, plaintiff could not have a verdict.

2. **Master and servant ⬅️286(13)—Negligence held for jury on evidence as to derailing of lever car.**

In an action for injuries to an employee caused by the derailing of a lever car on which he was going to work, evidence that the car was derailed because of a bent axle *held* sufficient to warrant denying defendant's motion for a peremptory instruction.

3. **Negligence ⬅️130(1)—Evidence of conditions after accident admissible.**

Evidence of conditions subsequent to the accident, as bearing upon its cause, is admissible where the condition has not changed; but the evidence should relate to a time so close to the accident that it is apparent that the condition has not changed.

4. **Master and servant ⬅️270(6)—Evidence of conditions after accident held admissible to show cause.**

In an employee's action for injuries caused by the derailing of a lever car on which he was going to work, testimony that when witness saw the car in employer's custody two days after the accident it had a bent axle *held* properly admitted to show the cause of the accident; there being nothing to suggest any change in its condition since the accident.

In Error to the District Court of the United States for the Southern District of Mississippi; Edwin R. Holmes, Judge.

Action by L. B. Dennis against the Marathon Lumber Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Stone Deavours and Henry Hilbun, both of Laurel, Miss., for plaintiff in error.

Marion W. Reily, of Meridian, Miss., for defendant in error.

Before WALKER and BRYAN, Circuit Judges, and CALL, District Judge.

CALL, District Judge. **[1, 2]** This is a suit brought by the defendant in error (plaintiff below) against the plaintiff in error (defendant below), claiming damages for injuries suffered while employed by the plaintiff in error, caused by the derailing of a lever car, on which he was proceeding to his place of labor. The car and roadbed were the property of the plaintiff in error. There are two errors assigned which it is proper for the court to consider: (1) The court erred in overruling the objections of the defendant below to the testimony of E. E. Roebuck that he "saw the car two days after the accident," and that "it had a bent axle." (2) The court erred in refusing to grant the motion for a peremptory instruction to the jury to return a verdict for the defendant below. Such an instruction would be proper only where, admitting the truth of the evidence for the plaintiff below, as a matter of law, said plaintiff could not have a verdict. Such is not

---

⬅️For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the condition of this case. The plaintiff below testified that the axle of the car was bent at the time of the accident; that it was in fact the same axle which some months before he had taken from this lever car because it was bent; that when the car, after the accident, was pushed up the grade the wheels wobbled, and that such wobbling is caused by a bent axle, and that such bent axle was the cause of the derailing of the lever car. Other evidence was produced by him that such wobbling of the wheels is due to such cause. Going no further into the evidence, it shows that the second error assigned is not tenable.

[3, 4] Considering the first error assigned: E. E. Roebuck testified, among other things, that he saw the same lever car two days after the accident, and that the axle was then bent. After the accident the car was returned to the custody of the defendant, the plaintiff in error, and had remained continuously thereafter in its custody and control. The rule applying to evidence of conditions subsequent to the accident is that, where the condition has not changed, the evidence will be admissible. But the evidence should relate to a time so close to the accident that it is apparent the condition has not changed; otherwise the testimony is not admissible, except in a class of cases, of which this is not one. The case of Place v. Grand Trunk Ry. Co., 82 Vt. 42, 71 Atl. 836, is in point here. The point in issue here was the cause of the derailing of the lever car on which the plaintiff below was riding to his work. He claimed it was due to a bent axle, and had so testified, and then the testimony of Roebuck was offered and received in corroboration. This we think was proper. Two days after the accident, the car being in the custody of the defendant below, there was nothing to suggest any change in its condition since the accident. There was no reversible error in the admission of such testimony.

There are other errors assigned to the court's action in refusing a motion for a new trial, but these errors cannot be considered here.

The judgment of the lower court is affirmed.