## ALASKA S. S. CO. v. KATZEEK.

(Circuit Court of Appeals, Ninth Circuit. December 13, 1926.)

No. 4834.

**1. Shipping ☞86(2)—Evidence of similar accident shortly after injury to person on wharf held competent to show vessel's appliance for unloading was defective.**

In an action for personal injury caused by the breaking of tackle used by defendant to move a heavy boiler from its vessel to a wharf, alleged to have been of insufficient strength for the purpose, evidence that the tackle again broke on a second attempt to raise the boiler, shortly after the accident, held competent.

**2. Shipping ☞86(2)—Whether defendant's employé expected appliance to break inadmissible when willfulness or wantonness not charged.**

In action for injuries from breaking of pin of hoisting appliance, evidence as to whether mate of defendant's vessel expected it to break was inadmissible, where no willfulness or wantonness was charged.

**3. Appeal and error ☞960(1)—Pleading ☞316—Ruling on motion for bill of particulars rests in discretion of court, and is not reviewable, unless resulting in injustice (Comp. Laws Alaska 1913, § 908).**

Granting or refusing a bill of particulars, under Comp. Laws Alaska 1913, § 908, rests in the discretion of the court, and the ruling thereon will not be disturbed by an appellate court, unless upon inspection of the whole record it appears that refusal has resulted in injustice.

**4. Courts ☞347.**

A bill of particulars may not be used in the federal courts for the purpose of obtaining evidence (Comp. St. § 1468).

**5. Appeal and error ☞273(5).**

A general exception to a number of instructions, without stating grounds, is insufficient under the federal practice.

In Error to the District Court of the United States for the First Division of the Territory of Alaska; Thos. M. Reed, Judge.

Action at law by Dan Katzeek against the Alaska Steamship Company. Judgment for plaintiff, and defendant brings error. Affirmed.

The defendant in error, in his complaint against the plaintiff in error, defendant in the court below, alleged that, while performing his duties as an employé of the Haines Packing Company and standing on that company's wharf, the defendant's steamship Cordova tied up at the wharf to deliver to the packing company a large steam boiler; that the crew of the Cordova fastened a lifting cable to the boiler, which cable ran through a block attached to the free end of the starboard boom; that while the boiler was being lifted from its position on said steamship the pin of the shackle which fastened the guy cable used to hold the boom in position broke, due to its lack of strength to bear the strain of the boiler, together with the inexperience, incompetence, and negligence of the servants of the defendant; and that said guy cable violently struck the plaintiff and caused him serious personal injuries. The defendant answered, denying negligence, and alleging that the plaintiff, without having any lawful purpose to accomplish, voluntarily went upon the wharf and without taking precaution, took such position thereon as to subject himself to the danger of being struck, and that the injuries sustained by him were entirely due to his own fault and negligence in so having gone upon and occupied said position on the wharf. The reply denied the affirmative allegation of the answer. The jury returned a verdict for the plaintiff in the sum of $5,000; and judgment was entered thereon.

Bogle, Bogle & Gates, of Seattle, Wash., and R. E. Robertson, of Juneau, Alaska, for plaintiff in error.

Redman & Alexander, of San Francisco, Cal., for defendant in error.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

GILBERT, Circuit Judge (after stating the facts as above). [1] Error is assigned to the admission of testimony to show that, shortly after the accident, on the renewal of the effort of the crew to remove the boiler, the tackle again broke, causing the boiler to fall. The evidence was offered for the purpose of showing the defendant's negligence in failing to furnish adequate tackle. Upon that ground the court overruled the objection to its admission, and later, upon the ground that the evidence tended to prove the weight of the boiler, as well as the inade-

quacy of the tackle, the court overruled the defendant's motion to strike out the testimony. Upon the grounds so stated we think the evidence was admissible. It is permissible to adduce evidence of other accidents or injuries occurring from the same cause and near the same time, to show the existence of defects in the property used, and to show that the defendant failed to adopt proper precautions to prevent injury from the defective nature of his appliances. 29 Cyc. 611, 612. This is not a case where evidence of a similar accident was introduced to prove the negligence of the defendant in the particular act declared upon. Here the purpose of the evidence was to show that immediately after the accident the conditions had not changed and that the tackle used by the defendant was defective. By the decided weight of authority evidence of similar accidents may be adduced, when it is given only to illustrate a physical fact before or after the occurrence which is under investigation and the conditions of that occurrence. O'Brien v. Las Vegas & T. R. Co. (C. C. A.) 242 F. 850; Marathon Lumber Co. v. Dennis (C. C. A.) 296 F. 471; Aurora v. Brown, 12 Ill. App. 122; Unterbrink v. City of Alton, 206 Ill. App. 254; Kress & Co. v. Markline, 117 Miss. 37, 77 So. 858, Ann. Cas. 1918E, 310; Cleveland, Columbus, etc., R. Co. v. Newell, 104 Ind. 264, 3 N. E. 836, 54 Am. Rep. 312; Mayor and Aldermen of Birmingham v. Starr, 112 Ala. 98, 20 So. 424; St. Jos. & D. C. R. Co. v. Chase, 11 Kan. 47.

[2] It was not error to exclude the answer of the mate of the Cordova to the question whether or not he was surprised, or had expected that the pin or the shackle would break. The purpose of the defendant was to show that it was not guilty of willfulness or wantonness in connection with the accident; but no such willfulness or wantonness was charged in the complaint, and no evidence was offered tending to suggest it.

[3] Error is assigned to the denial of the defendant's application for a bill of particulars, and it is urged that the defendant was entitled to know the particulars of the plaintiff's employment and the place where he was at the time of the accident. The complaint alleged that the plaintiff was on a designated wharf in the employment of the owner thereof, and was performing the functions of his employment at the time when the steamship was unloading freight upon the wharf consigned to the owner, and the reply alleged that the plaintiff was lawfully performing his functions upon the wharf with the full knowl-

edge and consent of the defendant. Section 908 of the Compiled Laws of Alaska of 1913 provides that, "when the allegations of a pleading are so indefinite or uncertain that the precise nature of the charge or defense is not apparent, the court may require the pleading to be made definite and certain by amendment." The granting or refusing of a bill of particulars is a matter which rests in the discretion of the court, and the ruling thereon will not be disturbed on appeal, unless upon inspection of the whole record it appears that the refusal has resulted in injustice. Harper v. Harper (C. C. A.) 252 F. 39; Bodine v. First Nat. Bank of Merchantville (D. C.) 281 F. 571; Gimbel Bros. v. Adams Express Co. (D. C.) 217 F. 318.

[4] The pleadings in the present case gave the defendant all necessary information as to the nature of the plaintiff's cause of action. The purpose of the bill of particulars which was sought was to obtain evidence. That method of securing evidence in advance of the trial is not permitted. Rev. Stats. § 861 (Comp. St. § 1468); Green v. Delaware, L. & W. R. Co. (D. C.) 211 F. 774. We find no abuse of discretion in the ruling on the motion.

Without merit is the contention that the complaint failed to state a cause of action. It alleged that the plaintiff was on the wharf in the performance of his duties to his employer, and it set forth facts sufficient to show that the defendant owed him the duty of ordinary care to protect him from injury. The evidence is clear that the Cordova expected some one to be on the wharf to receive its lines, and it is not disputed that the plaintiff was the first to catch the head line, and that he also assisted in drawing in the stern line. The facts alleged and proven show that he was neither a trespasser nor a mere licensee on the wharf. He was an employé of the company that owned the wharf, and there was evidence that he was required to serve at the wharf as "one of the longshoremen."

[5] The defendant saved a general exception to a large number of the instructions which it designated only by number, but it expressed no ground of exception. Such exceptions are insufficient to comply with the rules of practice of the federal appellate courts, which require that the attention of the trial court shall be directed to the questions of law specifically involved. Highway Trailer Co. v. City of Des Moines, Iowa (C. C. A.) 298 F. 71; C. W. Young Co. v. Union Oil Co. of California (C. C. A.) 293 F. 742; Atlantic Coast Line R. Co. v. Raulerson (C.

C. A.) 267 F. 694; Jones v. United States (C. C. A.) 265 F. 235.

Error is assigned to the refusal of a requested instruction that the burden of proof was on the plaintiff to show the damages which he claimed he sustained, but the defendant overlooks the fact that the court said to the jury: "You are instructed that the burden is on the plaintiff, Katzeek, to prove the extent of the injuries, if any, that he sustained, and that he must prove the same by a preponderance of the evidence." Another request of the defendant was that the jury be instructed to return a verdict in its favor, and it is alleged that there was failure to prove the cause of action alleged in the complaint. The record convinces us, however, that there was evidence to go to the jury to sustain all the essential allegations of the complaint. There was evidence to show the use by defendant of defective appliances. There was evidence tending to show inexperience and incompetence in the manner in which the winchmen performed their services, and there was absence of evidence of contributory negligence on the part of the plaintiff.

The judgment is affirmed.