## MULLONEY v. FEDERAL RESERVE BANK OF BOSTON et al.

### No. 7197.

District Court, D. Massachusetts.

Dec 5, 1938.

Franklin R. Chesley, of Portland, Me., and Francis H. Farrell, of Boston, Mass., for plaintiff.

Palmer, Dodge, Barstow, Wilkins & Davis, of Boston, Mass., for defendants National Shawmut Bank of Boston, Walter S. Bucklin, and Joseph E. O'Connell.

Philip B. Buzzell, and Hemenway & Barnes, all of Boston, Mass., for defendant Webster & Atlas Nat. Bank.

Deland & Rockwood and Frank S. Deland, all of Boston, Mass., for defendant United States Trust Co.

John T. Noonan, of Boston, Mass., for defendant Federal Reserve Bank of Boston.

Norman W. Bingham, Jr., Neil Leonard, and Bingham, Dana & Gould, all of Boston, Mass., for defendants First National Bank of Boston, Old Colony Trust Co., and Philip Stockton.

Charles M. Rogerson, of Boston, Mass., for defendant Boston Safe Deposit & Trust Co.

John L. Hall, Robert Proctor, Maxwell E. Foster, Philip H. Rhinelander, and Choate, Hall & Stewart, all of Boston, Mass., for defendants Merchants Nat. Bank

of Boston, Second Nat. Bank of Boston, State Street Trust Co., New England Trust Co., National Rockland Bank of Boston, Alfred L. Ripley, Allan Forbes, and Thomas P. Beal.

John M. Cunningham, of Boston, Mass., for defendant Herbert W. Scott.

John T. Noonan, of Boston, Mass., for defendant Federal Reserve Bank of Boston.

BREWSTER, District Judge.

This action is before the Court on defendants' motion for further particulars. The motion was filed June 28, 1938, pursuant to Rule 21 of the Law Rules of this Court. There are in all 19 defendants, including 12 banking associations, the Boston Clearing House, an unincorporated association, and 6 individuals who are officers in the above.

The plaintiff's declaration is long and prolix, and is replete with vague allegations of misrepresentation, bad faith, libel, slander and coercion, all as parts of a conspiracy to wrong the plaintiff by bringing about the failure of the Federal National Bank of which he was president.

It is not possible for any defendant to meet these allegations without further particulars respecting the identity of the defendant or of his or its agents and representatives who participated in the alleged wrongful acts, and without a more definite statement of the times and places of the events alleged, which extend over a period of more than eight years.

Obviously, the motion as a whole cannot be denied. Patterson v. Corn Exchange of Buffalo, D.C., 197 F. 686; Hespe v. Corning Glass Works, D.C., 9 F.Supp. 725.

The only question is whether the discovery should be limited. It is well settled that a motion for particulars cannot serve as interrogatories. Under ordinary circumstances a party can not ask his adversary to disclose the names of his witnesses or the evidence upon which he will rely to prove his allegation. Beacon Folding Machine Co. v. Rotary Machine Co., D.C., 23 F.2d 345; Alaska S. S. Co. v. Katzeek, 9 Cir., 16 F.2d 210.

But this limitation does not preclude the defendants from moving for a more definite statement of plaintiff's claim, even though it includes the names of those by whom or to whom the alleged defamatory statements were made. Midwest Manufacturing Co. v. Staynew Filter Corp., D.C., 12 F.Supp. 876; Buckeye Powder Co. v. E. I. Du Pont De Nemours Powder Co., D.C., 196 F. 514; Patterson v. Corn Exchange of Buffalo, supra; O-So-Ezy Mop Co. v. Channell Chemical Co., D.C., 230 F. 469; Bodine v. First National Bank of Merchantville, D.C., 281 F. 571.

This does not necessarily call for the names of any witnesses. I do not find any requested specification which offends the rule, so far as it prohibits the disclosure of witnesses.

It is true that, in many instances, the plaintiff is asked to specify whether alleged statements were oral or in writing, and, if the latter, to attach copies of the writing. To comply with this request might well require the plaintiff to reveal his evidence, but, since it is fair to assume from a reading of the declaration, that few, if any, of these statements are in writing, and since this discovery can now be had by resorting to Rule 34 of the new Rules of Federal Procedure, 28 U.S.C.A. following section 723c, it cannot be deemed an abuse of discretion to allow these requests for further particulars to stand. See Locker v. American Tobacco Co., D.C., 200 F. 973.

In view of the avowed purpose of the new rules to liberalize the practice of this court respecting discovery, it would, in my opinion, justify me in giving a broader scope to the local rule than might otherwise be given.

Defendants' motion is granted, the plaintiff to comply within 20 days from the above date.