## MULLONEY v. FEDERAL RESERVE BANK OF BOSTON et al.
### No. 7197.

District Court, D. Massachusetts.
Feb. 26, 1940.

Franklin R. Chesley, of Portland, Me., and Francis H. Farrell, of Boston, Mass., for plaintiff.

Palmer, Dodge, Barstow, Wilkins & Davis, of Boston, Mass., for defendants National Shawmut Bank of Boston, Walter S. Bucklin, and Joseph E. O'Connell.

Philip B. Buzzell (of Hemenway & Barnes), of Boston, Mass., for defendant Webster & Atlas Nat. Bank.

Deland & Rockland and Frank S. Deland, all of Boston, Mass., for defendant United States Trust Co.

John T. Noonan, of Boston, Mass., for defendant Federal Reserve Bank of Boston.

Norman W. Bingham, Neil Leonard, and Bingham, Dana & Gould, all of Boston, Mass., for defendants First Nat. Bank of Boston, Old Colony Trust Co., and Philip Stockton.

Charles M. Rogerson, of Boston, Mass., for defendant Boston Safe Deposit & Trust Co.

John L. Hall, Robert Proctor, Maxwell E. Foster, Philip H. Rhinelander, and Choate, Hall & Stewart, all of Boston, Mass., for defendants Merchants Nat. Bank of Boston, Second Nat. Bank of Boston, State Street Trust Co., New England Trust Co., National Rockland Bank of Boston, Alfred L. Ripley, Alan Forbes, and Thomas P. Beal.

John M. Cunningham, of Boston, Mass., for defendant Herbert W. Scott.

BREWSTER, District Judge.

In the above-entitled action, the defendants filed a motion for specifications. The motion was allowed, and the plaintiff on December 5, 1938, was ordered to file his specifications within 20 days. D.C., 26 F.Supp. 148. The plaintiff did not comply with this order, but on December 19, 1938, presented to Judge Sweeney a motion to extend the time, which was denied. At the time of hearing, however, all the defendants, except the defendant Scott, agreed that the time might be extended for one week. No such agreement existed between Scott and the plaintiff.

On December 22, 1938, at an ex parte hearing, I extended the time to December 29, 1938. Specifications were filed on that day. From the specifications filed, it appears that certain of the events alleged in plaintiff's declaration occurred long before the alleged conspiracy which is the basis of the plaintiff's action and can, therefore, have no possible relevancy. Clearly it would be prejudicial to the defendants if the plaintiff is allowed to retain in his pleadings these allegations and the specifications relating thereto.

This memorandum deals with the following motions:

First: Motion by the defendant Scott to amend the docket by striking out the entry of December 22, 1938. This motion is allowed for the reason that the extension of time was made without full knowledge of the circumstances under which Judge Sweeney had previously denied plaintiff's motion to extend. This defendant argues that the power of the court to extend the time had been exhausted by the action of Judge Sweeney. Assuming, without deciding, that the court had power to act, I am satisfied that the power ought not to have been exercised in the circumstances of the case. The result is that, as to the defendant Scott, there has been no compliance with the order of the court to file specifications within 20 days from December 5, 1938.

Second: Motion of the defendant Scott that the plaintiff be nonsuited for failure to seasonably comply with the order of the court. This motion is denied. Rule 12(e) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, provides that if the motion for further particulars is granted and the order of the court is not obeyed within such time as the court may fix, the court may strike the pleadings to which the motion was directed or make such order as it deems just. Assuming that this rule gives the court the power to grant this motion, which is doubtful, I regard the motion to strike, prescribed by the rule, as the more appropriate procedure. No such motion has been presented by this defendant.

Third: A motion filed by said defendant Scott that the court strike from the record the matter set forth in plaintiff's specifications on the ground that they were not filed within the 20 days specified in the order of the court. This is not a motion to strike the pleadings to which his motion for specifications was directed. I do not regard a motion to strike the specifications as a proper procedure to adopt when specifications are filed too late. The rule prescribed a different course. Moreover, none of the other defendants can take advantage of the late filing of these specifications and, therefore, the matter set forth therein should not be struck from the record except so far as they may be struck upon motions of defendants on grounds other than the late filing. The motion, therefore, is denied.

Fourth: Motion by the defendants other than Scott for nonsuit for failure to obey said order for specifications, in that the specifications filed by the plaintiffs are incomplete, uncertain, indefinite, and included material which is not responsive to said motion and said order. This motion is denied for the above reasons.

Fifth: Motion by the defendants other than Scott to strike from the plaintiff's declaration and from the plaintiff's specifications matters set out in said motions, and for further specifications. Motion is granted. I agree that the speci-

fications have made certain paragraphs of the declaration wholly immaterial and prejudicial, if allowed to stay in. It is equally apparent that the paragraph of the specifications which the defendants attack should not be allowed to constitute a part of the pleadings because it relates to events too remote to be admitted in evidence, or contains immaterial and impertinent allegations which tend to prejudice a fair trial of the action.