SEABOARD MIDLAND PETROLEUM CORPORATION v. SOCONY VACUUM OIL CO., Inc.

District Court, S. D. New York.

Sept. 16, 1941.

George D. Carrington, of New York City (Philip Wittenberg and George B. Carrington, both of New York City, of counsel), for plaintiff.

Louis Mead Treadwell, of New York City (John J. Manning, of New York City, of counsel), for defendant.

MANDELBAUM, District Judge.

The defendant, Socony Vacuum Oil Company, Inc., moves for an order pursuant to Rule 12(e) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, to strike the amended complaint of the plaintiff, Seaboard Midland Petroleum Corporation.

The ground for the relief sought is that an order of Judge Bondy, dated January 4th, 1939, directing the service of a bill of particulars has not been obeyed in that the said bill of particulars fails to comply with the directions of said order and meet the terms thereof, particularly the items designated in the order as item 1(a) (b) and (c), item XI(b) and item XV.

The plaintiff interposes an objection to the motion claiming that after joinder of issue, a bill of particulars may not be obtained; that under the decisions a bill of particulars may only be obtained to enable a party to prepare a responsive pleading. All other information desired should be obtained through the media of depositions, discovery or interrogatories. That since issue has already been joined, there no longer is any necessity for the bill of particulars. This objection merits little consideration. While it is true that the practice outlined by plaintiff regarding bills of particulars is the proper one under the new rules, it is inapplicable to the situation before us. The order of Judge Bondy, of January 4th, 1939, is the law of the case with respect to the bill of particulars and the only question with which the court is now concerned is whether there has been a compliance with that order.

The second objection to the motion is that there has been a compliance with Judge Bondy's order. I have examined the entire proceeding in this matter, as well as the bill of particulars served upon the defendant. I have reached the conclusion that there has been substantial compliance with item 1(a) and item XV, and no substantial compliance with items 1(b) and (c) and XI(b).

The failure to comply with an order such as the one at bar may entail a dismissal of the complaint. Rule 12(e) of the Federal Rules of Civil Procedure; Mulloney v. Federal Reserve Bank of Boston, D.C., 1 F.R.D. 153; Botkins v. Sorter, D.C., 29 F.Supp. 991. However, the court is reluctant to invoke the drastic remedy sought by the defendant and will afford plaintiff another opportunity to comply with item 1(b) and (c) and item XI(b).

Plaintiff is directed to respond to these items within 30 days from date of an order entered on this motion. In the interim, the plaintiff may follow the procedure outlined by Judge Leibell in the order of March 15, 1939. If the plaintiff proceeds diligently and finds that additional time is required to comply, it may seek the leave of this court for a further extension of time. If the aforesaid directions are not carried out, the defendant may move for appropriate relief.

Settle order on notice.