POLK et al. v. MUTUAL RESERVE FUND LIFE ASS'N et al.

(Circuit Court, S. D. New York.   December 24, 1902.)

1. CORPORATIONS—SUIT FOR DISSOLUTION—SUFFICIENCY OF BILL.
    In a bill by members of an insurance association for its dissolution, it is essential to allege the insolvency of the corporation, and that complainants have an interest in the fund, and such allegations must be explicit and based on facts pleaded.

In Equity. Suit by thirteen members of an insurance association to wind up its affairs and for the appointment of a receiver. On demurrer to bill.

William Hepburn Russell and D. L. Snodgrass, for complainants.
Frank R. Lawrence and Frank H. Platt, for defendants.

COXE, Circuit Judge. The bill covers 88 printed pages. That it is unnecessarily prolix was admitted at the argument. That it is tautological, uncertain, contradictory and verbose cannot be successfully disputed. It bears evidence of having been hastily prepared. It abounds in argument, it pleads evidence and conclusions of law, and it contains numerous allegations of wrongdoing which seem to be inconsequential; at least their relevancy to the supposed cause of action has not been pointed out. That the bill can, with advantage, be reduced to one-third its present dimensions must be obvious to any one who has read it critically. The demurrer challenges the jurisdiction of the court and alleges want of equity. The other grounds of demurrer to the bill in its entirety are that the complainants are not shown to have any interest in the subject-matter of the controversy and that an action of this character, if maintainable at all, must be instituted by the attorney general of the state. There are also 22 special demurrers aimed at various allegations of the bill which are alleged to be irrelevant, scandalous, uncertain and impertinent. After giving the matter careful consideration I have determined that the proper course to pursue is to sustain the demurrer with leave to the complainants to file an amended bill. I am not prepared at this time to assert that it will be impossible for the complainants to formulate a cause of action and, therefore, I deem it wise and prudent to refrain as far as possible from a discussion of the numerous questions argued in the briefs. A decision of these questions now may seriously complicate the controversy should they be again presented upon different or additional facts. It suffices to say that after a conscientious effort to understand the bill I am of the opinion that it cannot be maintained in its present form. It is clear that the nature and extent of the complainants' interest should be stated and that the bill should be purged of indeterminate and inconsistent allegations.

In actions of this character there can be no dispute regarding the following propositions: It is necessary to allege, first, the insolvency of the corporation, and, second, that the complainants have an interest in the fund. These allegations must be explicit and based on facts. In the present bill they are neither explicit nor are they based on facts. The initial defect in the bill is the failure to allege the contracts which determine the reciprocal rights of the parties. There is nothing but inference and conjecture to show that the complainants would have an interest in the fund should their action succeed; certainly there is nothing to show the extent of their interest. These agreements are the foundation upon which the right to relief rests, and yet the court is left in ignorance as to their terms. It is not enough to aver that the complainants were accepted as members of the association with all the privileges, interests, duties and obligations of such membership, or that they were accepted upon the same terms as other members; without knowing what the obligations of membership are or on what terms the other members were accepted. The naked allegation of insolvency is frequently made in the bill, but the facts to support it are contradictory and inadequate. In other parts of the bill facts are given and statements are made which lead to the conclusion that the association is in a perfectly solvent

condition. It is enough to say that I am at a loss to determine, after weighing all these statements and examining the exhibits attached to the bill, whether the association is solvent or insolvent. I certainly would hesitate to make a finding of insolvency based upon these allegations alone assuming all the facts stated therein to be true.

The demurrer is allowed, but with leave to complainants to amend the bill within 40 days.