POLK et al. v. MUTUAL RESERVE FUND LIFE ASS'N OF NEW YORK et al.

(Circuit Court, S. D. New York. February 26, 1904.)

1. EQUITY PLEADING—BILL—DEFECTS WARRANTING STRIKING FROM FILES.

Mere prolixity and verbosity in a bill do not warrant striking it from the files, when the redundant matter can to a large extent be eliminated on exceptions.

2. SAME—IMPERTINENCE.

In a bill filed against an insurance association by members to secure its dissolution on the ground of insolvency and the illegality of a reincorporation, specific allegations of mismanagement and fraud on the part of certain officers who are not parties, and as to whom no relief is asked, are impertinent, and on exceptions will be stricken out.

In Equity. On report of special master.
See 119 Fed. 491.

Russell & Winslow (D. L. Snodgrass, Caruthers Ewing, R. F. Jackson, Wm. Hepburn Russell, Wm. Beverley Winslow, of counsel), for complainants.
George Burnham, Jr. (Frank R. Lawrence, Frank H. Platt, and Gordon T. Hughes, of counsel), for defendants.

HAZEL, District Judge. This is a motion upon the report of the special master appointed by the court pursuant to equity rules 26 and 27, who found and decided that 36 exceptions out of a total of 86, taken to complainants' amended bill on behalf of respondents, were impertinent, and mere repetitions of allegations appearing elsewhere in the amended bill of complaint. The master accordingly expunged the same in 36 instances, overruling the remaining exceptions. The original bill of complaint on demurrer was held by Judge Coxe to be tautological, uncertain, contradictory, and verbose. Upon the ground that the bill contained inconsistent allegations, and failed to show the extent of complainants' interest, he sustained the demurrer, with leave to complainants to amend. Polk v. Mutual Reserve Fund Life Association et al. (C. C.) 119 Fed. 492. The court in reaching its conclusion pointed out that it was essential to the maintenance of this cause that facts be explicitly and unequivocally set out showing the insolvency of the corporation defendant, and the interests of the complainants in the funds sought to be distributed pro rata among its members or policy holders. The special master states in his report that the amended bill is still objectionable on the ground of its prolixity and verbosity, and that, under the rules governing exceptions for impertinence and scandal, he was unable to expunge more than a comparatively small portion of the prolix and redundant matter. The argument upon the report of the master presents two propositions which require attention: First, whether mere prolixity and verbosity of the pleading warrant striking the same from the files; and, second, whether specific acts of wrongdoing by certain officers of the association are scandalous and

impertinent, where it appears that such acts tended to impair and diminish the resources of the corporation. Consideration of these salient features of the questions presented requires a brief statement of complainants' contention.

It is charged in the bill that the defendant association was originally incorporated January 13, 1881, under the provisions of chapter 267, p. 264, Laws N. Y. 1875, entitled "An act for the incorporation of societies and clubs for certain lawful purposes," and hence could not legally abandon the scope of its original object and purpose by reincorporating under the provisions of the general insurance law of the state of New York (section 52, c. 690, p. 1955, Laws 1892), and the acts supplementary thereto; that such act of reincorporation was void on the ground that a fundamental change of the corporate powers was thus established without notice to the members and without their consent. The bill further charges that at the time of the reincorporation of the association as above stated it was insolvent, its insolvency being primarily produced by acts of gross mismanagement and fraud on the part of certain officers of the association. Such acts of mismanagement and intentional wrongdoing are specifically, but with unnecessary circumlocution, averred in the bill. It is correctly pointed out in defendants' brief that the prolixity and verbosity of the bill so apparent to Judge Coxe and the special master are conspicuously aggravated in the amended bill. For illustration, the insolvency of the defendant association is averred about 20 times; the unconstitutionality of the act of 1901, under which the association was reincorporated, is set out at least 9 times; the alleged fraudulent administration of the affairs of the corporation by its officers and directors is repeated about 14 times; general allegations as to the inability of the corporation to attain the purposes of its organization are often reiterated. Other repetitions of essential averments are variously restated and discursively enlarged. The amended bill in its entirety is not within equity rule 26, which prescribes the rule of practice governing accurate pleading in Circuit Courts as courts of equity. The special master correctly expunged the various allegations enumerated in his report.

But it is further insisted by the respondents that certain allegations imputing grave wrongful acts of mismanagement to officers and directors of the association, and not expunged by the special master, are clearly scandalous and impertinent. These allegations are covered by exceptions numbered 57 to 71, inclusive, and it is claimed that they involve the narration of such irrelevant fraud and intentional wrongdoing. After careful consideration of the allegations relating to these exceptions, I have reached the conclusion that they are impertinent averments, and accordingly should also be expunged. The exceptions numbered 57 to 71, inclusive, relate to allegations which, at great length, charge the making of an unlawful contract between the respondent association and its former president, Harper, by which Harper was to receive a percentage per annum upon insurance obtained or written by the respondent in addition to his salary during the time of his presidency. Harper died in 1895,

and was succeeded by one Burnham, who is alleged in the bill to have unlawfully used its funds by payment of grossly excessive sums of money to its employés. Other averments of mismanagement on the part of Burnham are averred to have taken place in the years 1896 to 1898. It is thought that such allegations are not essential to prove the insolvency of the association or the fraud alleged to have been committed in reincorporating under the provisions of the laws of the state of New York hereinbefore referred to. Though ultra vires acts are charged to have been committed as above stated, the individuals alleged to have committed them are not before the court and cannot be heard in their defense. No relief is sought against them. Whether the association was insolvent and whether the act of reincorporation was unconstitutional are the principal questions in controversy. These averments constitute the gravamen of the bill. In this view the allegations of wrongful acts imputed to the officers of the corporation are clearly redundant, irrelevant, and unnecessary. Their omission does not deprive complainants of their remedy. The bill must be framed to bring before the court the material allegations and charges upon which complainants' right to relief rests. All irrelevant matters must, therefore, be regarded as impertinent. The relief which the complainants seek, in my judgment, does not require proof of the specific acts of the president of the association regarding the affairs mentioned in the bill. The corporation undoubtedly has a remedy against its officers for the mismanagement imputed to them, and primarily the right to redress the wrongs complained of exists in the corporation itself. Upon the first point, namely, whether the entire bill may be stricken from the record for prolixity and verbosity, the case of Kelley v. Boettcher et al., 85 Fed. 55, 29 C. C. A. 14, would seem to be express authority. It is there held that a court of equity has inherent power to so dispose of rambling and tautological pleadings. But this general objection can have no weight here, when the matters included in exceptions 57 to 71 are expunged, together with such exceptions, which the special master has allowed.

The report of the special master allowing the exceptions as numbered at the end of his report is affirmed. A further order may be entered allowing exceptions 57 to 71, inclusive, because of impertinence, and striking the same from the bill. The complainants may, at their option, file an amended bill within 30 days from the entry of the order expunging impertinent allegations. Costs and disbursements are awarded against the complainants. So ordered.