## SHULTZ et al. v. MANUFACTURERS & TRADERS TRUST CO. et al.

### No. 227.

District Court, W. D. New York.

Feb. 7, 1939.

Jules C. Randal, of Buffalo, N. Y. (David C. Adams, of Buffalo, N. Y., of counsel), for plaintiffs.

Babcock, Hollister, Brown & Newbury, of Buffalo, N. Y., for defendant Manufacturers & Traders Trust Co.

Rann, Brown, Sturtevant & Kelly, of Buffalo, N. Y., for defendants George H. Chisholm and others.

Dudley, Stowe & Sawyer, of Buffalo, N. Y., for defendant Sawyer.

James O. Moore, of Buffalo, N. Y., for defendants Eastman and others.

KNIGHT, District Judge.

Defendants move to (1) strike the entire complaint upon the ground that it does not conform to the provisions of Rule 8, Subdiv. (e) (1) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c; or (2) in the alternative, to strike specific provisions thereof on the ground that they are redundant, immaterial, repetitious, unnecessary, argumentative or contain alleged evidentiary matters; and (3) for an order directing that certain defendants designated as secondary defendants be dropped from the action upon the grounds that the allegations as to them are redundant or immaterial and that there is not asserted any right of the plaintiff to relief with respect to them; and further that there is no question of law or fact common to the primary and secondary defendants so-called and that there is, therefore, a misjoinder of parties defendants.

This suit was commenced prior to the effective date of the Federal Rules of Civil Procedure. The motion is based upon the provisions of such rules. There is little, if any, material difference in the effect in the instant case of Federal Civil Procedure Rule 8 and former Equity Rule 25, 28 U.S.C.A. following section 723, as extended by Equity Rule 30. Both require a statement of facts and follow the usual code provisions in various states. As heretofore the courts will hereafter be called upon frequently to construe this requirement that facts be pleaded. As said in Moore's Federal Practice, Vol. 1, p. 553, in a discussion of the new rules: "What constituted good craftsmanship in a pleading before the new Rules will continue to constitute good craftsmanship." It is not seen that it is material whether the pleading is measured by the requirements of the former Equity Rule or the present practice rules. If it were, the court would determine the motion under existing rules of practice, as it is authorized to do by Federal Civil Procedure Rule 86.

Federal Civil Procedure Rule 8 (a) provides that a pleading shall contain "(2)

a short and plain statement of the claim showing that the pleader is entitled to relief." and (e) (1) "Each averment of a pleading shall be simple, concise, and direct."

▮ The complaint herein is based upon allegations of conspiracy and fraud. It contains 51 pages of printed matter, including 153 folios or approximately 15,300 words. This is exclusive of 18 pages comprised of exhibits, and a petition of 106 printed pages in another proceeding in another court and included by reference in the complaint herein. It is obvious in a suit for conspiracy and fraud that it is necessary that there be greater detail in the allegation of facts than in many other suits. Mere allegations that the defendants "conspired" or committed "fraudulent acts" are insufficient. The pleader may allege facts constituting these, and distinguishing fraud from conspiracy even greater latitude is permissible. But there is a limit beyond which he can not go. This limit is fixed by the existing rules. Rule 9 (b) states what the requirements are in a fraud pleading. A careful reading and re-reading of the complaint in suit compels the conclusions that it is unjustifiably prolix and that it contains much argumentative, redundant, immaterial and impertinent matter. It does state a cause of action. It is plain in the sense that it states understandingly a cause of action in equity based upon alleged fraud and conspiracy. It is not "a short and plain" statement of a claim, nor is each averment in the pleading "simple, concise, and direct." The diligence of the draftsman is apparent, but it seems that this has led to the inclusion of many improper allegations.

It is urged that neither under the present nor the former applicable Equity Rules is there any provision authorizing the striking of an entire complaint. It is not necessary to decide this question, though it is believed that the court has this authority. Polk v. Mutual Reserve Fund Life Ass'n, C.C., 119 F. 491; Id., C.C., 128 F. 524; Kelley v. Boettcher, 8 Cir., 85 F. 55. The motion to strike the entire complaint is denied.

This applies to the separate averments. It is sufficient to pass upon the motions to strike certain specific paragraphs and portions of the complaint, and the basis for decision thereon is found in Federal Procedure Rule 12 (f) and the inherent authority of the court. This rule permits striking from any pleading "any redundant, immaterial, impertinent, or scandalous matter * * *." This follows former Equity Rule 21, save that it adds the word "immaterial," which in some instances may and in others may not have been included in the word "redundant." The particular applications of this rule to the matters hereinafter decided will be noted. It is not the purpose or the duty of the court to re-draft a pleading. The matter in law presents many difficulties, and much time has been occupied in the effort to show wherein the faults in this pleading lie. Certain allegations are to be entirely stricken as in violation of the rule and numerous paragraphs are directed to be re-drawn because it is impracticable to eliminate certain improper parts. My conclusions are that:

1. Paragraph VIII (c) should be stricken, as repetitious. See VIII (d)

2. In Paragraph VIII (d), strike out the clause "and thereafter until expressly forbidden by law," as immaterial.

3. In Paragraph VIII (f) strike out the last sentence, as repetitious. See VIII (b).

4. In Paragraph VIII (g) strike out the last sentence, as redundant and immaterial.

5. In Paragraph IX (a) strike out all of the first two sentences, and the sentence commencing with the word "Decedent" in line 11, page 10, as redundant, immaterial and impertinent.

6. Paragraph IX (d) should be stricken, as redundant and immaterial.

7. Paragraph IX (h) should be stricken in its entirety, as evidentiary and immaterial.

8. Paragraph X should be stricken in its entirety and redrawn, as repetitious and argumentative, and also as repetitious of IX (c) and (d).

9. Paragraph XII should be stricken and re-drafted. It contains various repetitious and evidentiary expressions and statements of conclusions.

10. Paragraph XIII (a) contains much of a repetitious and an evidentiary nature. The two last sentences at least should be re-drafted.

11. In Paragraph XIII (b), the words "to the Bank's dismay," in line 1, and the end of paragraph commencing with the word "because" should be stricken as impertinent.

12. In Paragraph XIV (a), that portion commencing with the word "realized" and ending with the word "conspiracy", in the first sentence, should be stricken, and the last sentence of the paragraph should also be stricken, as statements of conclusions and not of fact.

13. Paragraph XIV (b) is argumentative and contains immaterial and repetitious allegations. The last sentence should stand; the balance to be stricken.

14. Paragraph XV (b), (c) and (d) contain various evidentiary and immaterial allegations. It is also repetitious. These subdivisions should be re-drafted to recite concise statements to the effect that at a meeting of the stockholders at a certain time certain false and fraudulent representations were made with the purpose to carry out the conspiracy. The allegations with regard to all larger stockholders is immaterial; sub. (c) at the outset is repetitious; sub. (c) and sub. (d) should be stricken.

15. Paragraph XV (g) is entirely evidentiary and should be stricken. Any material part of this subdivision is covered by Paragraph XV (e) and XVI (a).

16. Paragraph XVI well illustrates the prolixity of words apparent in many paragraphs. Here the pleader takes five folios to allege in substance that immediately after September 20, 1928, certain defendants caused a cablegram to be sent to the decedent reciting certain false representations theretofore made and urging authorization to one of the defendants to act for the decedent on the sale of the stock for not less than $4,000,000 and certain accrued interest, and alleging that representations were known to the defendant to be false and they were believed and acted upon by the decedent. There is no justification for the evidentiary details shown in this paragraph. It contains redundant and immaterial allegations. The paragraph should be entirely redrawn.

17. In Paragraph XVII (b) two sentences in folio 69, commencing with the word "among" should be stricken as evidentiary and redundant.

18. Paragraph XVII (b) all on page 24 following the word "thereof" should be stricken and re-drafted. This allegation in substance appears in XIII (a). In connection with this subdivision it is also to be noted that the material parts of the allegation with reference to procuring a nominal purchaser appears in substance in XIII (a) and Paragraph XXV (a).

19. In Paragraph XVIII (a), the first sentence seems unnecessary and immaterial. It appears from Paragraph XXI that decedent returned later, and the matter of defendant's knowledge of his intent to return is a matter which may be proved without this evidentiary statement in the pleading. The sentence commencing with "Thereafter the defendants", folio 72, should stand and the balance of XVIII (a) be stricken and re-drafted.

20. In Paragraph XVIII (b) 5, the last paragraph should be stricken in its entirety, as evidentiary and redundant. The same disposition should be made of (c) following, for the same reason.

21. In Paragraph XVIII (c) strike out all following "which" folio 79, p. 27.

22. In Paragraph XIX (b) strike out all in parenthesis.

23. In Paragraph XXI, the allegation that the decedent "immediately went to the offices of the bank to protest the sale of the stock to Cooley" upon certain grounds is not a proper part of the pleading; the statement that defendant Bank assured him that decedent was laboring under a misapprehension is redundant in view of the statement which follows. The paragraph should be redrawn as indicated.

24. Paragraph XXII (a), (b) and (f) should be stricken in their entirety as argumentative, prolix, evidentiary and immaterial in part.

25. In Paragraph XXIII (a) and all of (c) after the words "of Delaware", should be stricken for the reason last above given.

26. Paragraph XXIV (a) should be stricken as evidentiary and prolix and (b) commencing with the word "such" in folio 99, the balance should be stricken as evidentiary, prolix and argumentative. It should be re-drafted.

27. Paragraphs XXV and XXVI contain many allegations which are improper in a pleading. It is almost a hopeless task to point out the specific faults. These paragraphs set up allegations of many details for proof on the trial that have no part in a proper pleading. The court should not approve this practice even though the meaning is plain. It should be re-drafted.

28. In Paragraph XXVIII (b) all that portion commencing with the words "The

Bank's", line 7 page 43, should be stricken as repetitious and argumentative.

29. Paragraph XXX, consisting of 5 pages of printed matter, is directed to show diligence in the plaintiff in the prosecution of this suit. Subdivision (a) is a proper pleading. The following sections recount in detail the nature and the course of certain proceedings in other courts. It is difficult to comprehend of a pleading which does greater violence to the rules of practice. The outstanding example of this is found in the inclusion of a Petition in the Surrogate's Court. The paragraph certainly is not concise. Every purpose of the pleader could have been met by a few brief paragraphs. These subdivisions contain much argumentative, evidentiary and immaterial matter. True, parts of the allegations are proper, but the court is not called upon to. indicate each of such. It is directed that all of this paragraph save (a) be re-drafted.

Rule 8 and Rule 12, supra, have been considered in these cases which support the view here taken: Washburn et al. v. Moorman Mfg. Co., D.C., 25 F.Supp. 546, decided Nov. 9, 1938, Neterer, D. J.; Catanzaritti v. Bianco, D.C., 25 F.Supp. 457, decided Nov. 28, 1938, Watson, D. J.; Shell Petroleum Corp. v. Stueve, D.C., 25 F.Supp. 879, decided Dec. 12, 1938, Sullivan, D. J.; Byers v. Clark & Wilson Lumber Co., D.C., decided Oct. 3, 1938, Fee, D. J.[1]

An examination of the complaint in Jacobson v. General Motors Corp., D.C., 22 F.Supp. 255, discloses facts comparable to those in the instant case. The language of District Judge Knox in the opinion therein in which he directed that numerous paragraphs of the complaint be re-drafted is specially pertinent here. See also Crim v. Rice, 2 Cir., 232 F. 570.

It was said in Mumm v. Jacob E. Decker & Sons, 301 U.S. 168, 57 S.Ct. 675, 676, 81 L.Ed. 983: "The purpose of the Equity Rules was to simplify equity pleading and practice, and with respect to the former to dispense with prolix and redundant averments which had made equity pleading an outstanding example of unnecessary elaboration. The needed improvement in the interest of simplicity and conciseness made the test not what was time-honored in the verbiage of the past but what was essential to set forth the plaintiff's case. His statement was required to be 'short and simple.'"

That statement was made with particular reference to Equity Rule 25. But it seems to me it is applicable now even though pleading of "ultimate facts" is not necessary.

■ It would seem that it ought not to be necessary to include the copies of agreements and letters made a part of the complaint. One of these is described in some detail in the complaint, and a simple statement of the substance of the letters would suffice.

It has been difficult, figuratively speaking, to separate the wheat from the chaff. With regard to any construction of these directions, I shall be glad to confer with counsel to the end that the complaint be amended to meet the rules as I see them.

■ Defendants' motion to dismiss as to the so-called secondary defendants must be denied, except as to the defendants, Paul H. Davis et al., all comprising the firm of Paul H. Davis & Company, and the defendant, Barnes. As I read the complaint there is nothing to show any knowledge of any fraudulent acts by any of the defendants. Were the allegations sufficient in this respect, they would be properly joined as defendants. Rule 20 (a).

The plaintiff may have twenty days from the date of the service of an order based on this decision in which to amend his complaint in conformity hereto. As to the defendants Davis et al. and Barnes, the complaint is to be dismissed.

[1] No opinion for publication.