## LEE I. ROBINSON HOSIERY MILLS, Inc. v. JONAS SHOPPES, Inc.

### No. 2341.

District Court, E. D. Pennsylvania.
July 23, 1942.

654

■

Witkin & Egan, of Philadelphia, Pa., for plaintiff.

Hirschwald, Goff & Rubin, of Philadelphia, Pa., for defendant.

GANEY, District Judge.

The plaintiff herein brought a suit in assumpsit wherein it alleged "the plaintiff at the special instance and request of the defendant sold and delivered to the said defendant goods, wares and merchandise as follows, to wit: a lot of hosiery at the times, in the amounts, of the kinds, for the prices, and upon the terms set forth in plaintiff's books of original entry, a true and correct copy of which is attached hereto, made part hereof and marked Exhibit 'A' ". To this the defendant filed a motion for a more specific complaint or for a bill of particulars, the sole ground for which was that the complaint should state whether the contract was oral or written, several other objections having been abandoned.

■ The cases in Pennsylvania are divided in the construction of the Pennsylvania Practice Act, 12 P.S.Pa. § 382 et seq., as to whether it is requisite that the complaint set forth that the request of the defendant for the goods was oral or written. However, I believe the better authority is that set forth in Pomeroy's, Inc., v. Lavine, 17 D. & C., Pa., 161, wherein it is set forth as follows:

"An action upon an account stated is founded upon an implied promise that he against whom the balance appears has agreed to pay it to the other although there be no actual promise. It is only in actions founded upon express contracts that the statement of claim must show whether the contract is oral or written".

The rules of Federal Procedure, 28 U.S. C.A. following section 723c, are silent as to whether or not the complaint should state whether the contract is oral or written although it is significant that in the official forms nothing is stated in an action upon a book account as to whether the promise is oral or written.

■ The grant or denial of a motion for a more definite statement or for a bill of particulars rests in the sound discretion of the trial court. Alaska S. S. Co. v. Katzeek, 9 Cir., 16 F.2d 210. While such motions have been useful in securing information which would lessen surprise, as in Cuneo Press v. Claybourn Corp., 7 Cir., 90 F.2d 233, it would seem there is no real purpose to be served in granting the relief here prayed for, as such requests result in an additional or supplementary pleading, and are insufficient methods of securing accurate pretrial information, which can best be obtained under Rules 26 to 37.

Motion denied.