**UNITED STATES ex rel. COATES v. ST. LOUIS CLAY PRODUCTS CO. et al.**
**Civ. No. 2299.**

District Court, E. D. Missouri, E. D.

Dec. 11, 1943.

I. E. Ferguson and Morton Lane, both of Chicago, Ill., and Wm. R. Gentry and John L. Gilmore, both of St. Louis, Mo., for plaintiff.

Jacob Lashly, Arthur V. Lashly, and Philip C. Wise, all of St. Louis, Mo., for defendants Fruco Const. Co. and others.

A. J. Haverstick and C. Arthur Anderson, both of St. Louis, Mo., for defendant St. Louis Clay Products Co.

C. Arthur Anderson, of St. Louis, Mo., for defendant E. T. Davenport.

HULEN, District Judge.

This case is before the court on three motions of defendants to make the complaint more definite and certain and motion of certain of the defendants to strike parts of the complaint.

George R. Coates, as informer, brings this, a "qui tam" action, for the recovery of penalties and double damages provided by the laws of the United States; 18 U.S.C.A. § 80, and 31 U.S.C.A. §§ 231, 232, 233 and 234, sometimes referred to as the false claims statutes. The complaint contains 14 pages to which are attached Exhibits A to E, inclusive. The parties may be identified as follows: Plaintiff, Gordon R. Coates, is Secretary-Treasurer of "The Coates Company", which was engaged in the business of selling structural tile. Defendant, St. Louis Clay Products Company, is engaged in a like enterprise and was a competitor of The Coates Company. The defendants, Fruin-Colnon Contracting Company, Fruco Construction Company and Mossman Construction Company are contractors. Defendant, Arketex Ceramics Corporation was not mentioned by counsel in argument of the various motions, it has filed no motion and appears to date as the "forgotten man" of this lawsuit. We will not disturb the status quo of Arketex Ceramics Corporation.

The complaint, in effect, sets forth that in December, 1940, the contractors were engaged to construct a Small Arms Ammunition Plant in St. Louis, Missouri, on a "cost plus a fixed fee" basis. Construction of the plant was in the years 1941 and 1942. The plans for the ammunition plant called for use of structural facing tile for some of the interior walls and during the course of construction tile of various grades and kinds were used. Plaintiff's company and its defendant competitor, while in the business, of supplying such facing tile, are not manufacturers, but act as middle-men in making purchases from manufacturers and sales to building contractors.

On April 22, 1941, The Coates Company bid on tile to be used in the construction of the arms plant. It was the low bidder and was informed that it would receive the order under its bid. Thereafter some changes were made in the plans. The Coates Company amended its bid, and was still the low bidder. On May 9, 1941, The Coates Company received an order to furnish a portion of the tile needed for the building. Thereafter the competitor of plaintiff's company, defendant in this case (St. Louis Clay Products Company) submitted a bid. This bid was higher than the bid made by The Coates Company, but nevertheless the agent of the building contractors, defendants in this action, gave the order to the St. Louis Clay Products Company, who thereafter supplied facing tile to the contractors at an alleged cost of $250,000. The complaint purports to charge that the supplying of this tile by the defendant, St. Louis Clay Products Company, was the result of fraud and conspiracy by the defendants and that the government was compelled thereby to pay in excess of $100,000 of an amount at which the requisite tile was "otherwise" obtainable.

The motions in this case were presented in extended oral argument by able and distinguished counsel.

Defendants claim that the information sought by motion to make complaint more definite and certain is necessary in order to enable them to formulate responsive pleadings and to prepare for trial and that

the complaint does not comply with Rule 9(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

Plaintiff urged in oral argument that defendants' motions should be overruled because all the information sought is at the command of the defendants and that the complaint meets the requirements of the Federal Rules of Civil Procedure.

■ While this suit is penal in character, it is nevertheless a civil action. United States ex rel. Marcus v. Hess, 317 U.S. 537, 63 S.Ct. 379. The Federal Rules of Civil Procedure apply. The charge in the complaint is fraud alleged to have resulted from a conspiracy among the defendants. The Federal Rules of Civil Procedure make specific exception in cases of this character as to what the pleadings shall contain— "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. * * *" Rule 9(b).

■ In the case of Shultz v. Manufacturers & Traders Trust Co. et al., D.C.N.Y. 1939, 1 F.R.D. 53, loc. cit. 54, the court said: "It is obvious in a suit for conspiracy and fraud that it is necessary that there be greater detail in the allegation of facts than in many other suits."

See the case of Louisiana Farmers' Protective Union v. Great Atlantic & Pacific Tea Co., D.C. Ark. 1940, 31 F.Supp. 483; Westmoreland Asbestos Co. v. Johns-Mansville Co., D.C.N.Y.1939, 30 F.Supp. 389, 2 Cir., affirmed 113 F.2d 114, and Mulloney v. Federal Reserve Bank of Boston, D.C. Mass. 1938, 26 F.Supp. 148.

The authorities cited by plaintiff state the general rule as to form of pleadings in Federal Courts, but neither of the cases cited by plaintiff involve charges of fraud. In the case of Fried v. Warner Brothers, D.C., 26 F.Supp. 603, plaintiff filed a bill in equity for an injunction. The case of Gumbart v. Waterbury Club Holding Corporation, D.C., 27 F.Supp. 228, involved the relationship between and liability of guest and inn-keeper. The case of Brinley v. Lewis, D.C., 27 F.Supp. 313, was an action for personal injuries. An action on an account stated was filed by plaintiff in Lee I. Robinson Hosiery Mills v. Jonas Shoppes, D.C., 46 F.Supp. 653.

Plaintiff also cites the case of United States v. New York Great Atlantic & Pacific Tea Co., 5 Cir., 137 F.2d 459. This was a case under the Sherman Anti-Trust Act, 15 U.S.C.A. §§ 1–7, 15 note, the charge being conspiracy to unreasonably restrain interstate trade in food products. We quote from that case, 137 F.2d loc. cit. 465: "As to the individual defendants, members of the A & P group who are accused, *but as to whom it is not alleged when they came into the conspiracy or what particular part they had in it*, while the information is meager, it is not so meager as to require quashing of the indictment as to them, since fuller information *could, and if requested should be supplied by a bill of particulars*." (Italics supplied).

The question for determination on this motion is simple. Does the complaint state the circumstances constituting the fraud and conspiracy that are the basis of the action with sufficient particularity to enable the defendants to prepare their respective pleadings and to prepare for trial?

The complaint evidences much care in preparation, nevertheless it is subject to part of the criticism leveled at it by the defendants' motion to make more definite and certain. We will pass on the various parts of the motion to make more definite and certain in their order, but before doing so will point out what we consider the more serious deficiencies in the complaint as a background for later detailed ruling.

■ The first 12 paragraphs of the complaint lay the groundwork for the charge of fraud. They detail invitations to bid delivered by the contractors, the bid made by The Coates Company, the subsequent bid of the St. Louis Clay Products Company and the awarding of the order to the St. Louis Clay Products Company, notwithstanding the lower bid of plaintiff's company. Paragraph 13 then alleges that this was done with full knowledge of all of the defendants—"(a) that substantially lower prices had been bid by The Coates Company; (b) that although the plans and specifications indicated that by far the greater part of the tile to be used was horizontal-celled tile, the defendants had a secret understanding between themselves that only a negligible amount of horizontal-celled tile would actually be used, therefore the bids of St. Louis Clay Products Company on horizontal-celled tile at prices far lower than the bids of said defendant on vertical-celled tile were misleading, deceptive and essentially fictitious; (c) that the bids of St. Louis Clay Products Company were further misleading, decep-

tive and fictitious in that prices were quoted on horizontal-celled 'closures' substantially lower than the prices quoted on vertical-celled 'closures', whereas the defendants well knew that all the 'closures' to be furnished would necessarily be vertical-celled; (d) that said purchase order No. 1224 called for ceramic glazed tile in preference to salt glazed tile, even though the specifications issued by the architects under date of April 21, 1941, had designated salt glazed tile as primary choice and ceramic glazed tile as alternate choice."

If "substantially lower prices" were bid by The Coates Company, plaintiff should state upon what tile such lower prices were bid. This is the very heart of plaintiff's case. If the plaintiff means to state that the lower prices were bid on the same products afterwards delivered by the defendant, St. Louis Clay Products Company, let the pleadings so state, and what they were.

As to paragraph (b), the complaint should state, with respect to the corporate defendants, who their representatives were who took part in the alleged unlawful enterprise. The paragraph is wholly lacking in any statement informing the defendants how the government was defrauded. Even if the defendants did know that only a small amount of horizontal-celled tile would be used, and that the major portion of the order would be for vertical-celled tile, wherein was the fraud? The necessity for such allegations in the complaint are accentuated by paragraph 9 of the complaint, wherein it is alleged that the price on both kinds of tile would be the same. If this be true the complaint should state how the government was compelled to pay an excessive and exorbitant amount for the tile received. Paragraph (c) is subject to the same criticism as paragraph (b). Paragraph (d) states that order No. 1224 called for ceramic glazed tile contrary to the specifications of April 21, 1941. Let the complaint state how this change resulted in loss to the government.

Going to paragraph 16: Is this paragraph a part of the fraud attempted to be charged against the defendants? The language of the paragraph charges no facts which standing alone or construed with the balance of the complaint would lead to the conclusion that the activity described caused the government to pay an excessive amount for tile. Were the tile referred to in paragraph 16 included in The Coates Company bid, and was the bid lower than the bid of the defendant, St. Louis Clay Products Company? The complaint should be specific if such is the claim.

If the corporate defendants, who were the building contractors, were to receive cost plus a "fixed fee" for their services in erecting the Small Arms Ammunition Plant, as set out in the complaint, it does not appear what motive could have actuated them to enter into an unlawful conspiracy to defraud the government. The complaint makes no reference that there was any financial connection between the corporate defendants; only defendants St. Louis Clay Products Company and Arketex Ceramics Corporation are charged with receiving any money for delivery of facing tile. Indeed it is not necessary that a motive on the part of any or all conspirators be plead, yet the absence of such a motive in the pleadings lends weight to the present request of defendant corporations, who were the building contractors, that they be informed who it was that purported to act for and bind the corporate entity.

Plaintiff's case, if it has one, must be that the government was defrauded by a conspiracy on the part of the defendants as a result of which the government was compelled to pay more money for tile than the same tile could have been furnished for by The Coates Company. At the very base of plaintiff's case must rest the fact that The Coates Company could have supplied that tile at the lesser price. A bid without willingness and ability to deliver in accordance with the bid is an empty gesture. Nowhere in the complaint does the court find the short simple statement of fact that The Coates Company was ready and able to make delivery of tile in accordance with its bid—or words equivalent thereto. Paragraph 7 of the complaint states—"*if* all the glazed tile eventually used in the construction of said ordnance plant had been purchased on said bid" of The Coates Company the expenditure would have been less than was actually the case, but said paragraph contains no allegation that said tile *could* have been purchased and *delivery* made by The Coates Company. In paragraph 9 it is set forth that the agent of the contractors informed The Coates Company it (The Coates Company) "would get" the order for tile, but there is no averment *that deliveries would have been made if the order had been placed.*

Paragraph 10 casts doubt on the ability and willingness of The Coates Company to make delivery on "the entire order". Paragraph 10 concludes by stating that the loss resulted from payment of $100,000 in excess of the amount at which the requisite tile *"was otherwise"* obtainable.

Further illustrations will serve no purpose. The above suffices to show that on some points defendants' motion is well taken. The complaint (paragraph 22) concludes its charge of fraud with this language: "The bills, receipts * * * made or caused to be made by all of the defendants pursuant thereto, were known by all of the defendants to contain fraudulent and fictitious entries in the *several respects above alleged."*

Defendants are entitled to know with particularity what is referred to by the language—"several respects above alleged."

■ For plaintiff to point to paragraph 20 of the complaint, which alleges that the agreement to defraud the government by obtaining the payment of false and fraudulent claims related to "each and every invoice to be rendered by said defendants to the contractor for tile" does not answer defendants' request for a definite statement of the circumstances of the fraud charged, in view of the statement at the end of paragraph 22 of the complaint that the government "was compelled to pay an excessive and exorbitant amount for *certain* of the facing tile used." Nor is plaintiff's claim that the defendants are in possession of all the books and records of the defendant corporation sufficient, if true, to justify overruling the motion. It is not a question of defendants being in possession of the books, records and papers which may become involved in this suit. Defendants should be advised with particularity the circumstances constituting fraud, so that it can be determined *which* of the books, records and papers concern the fraud alleged in the complaint.

See Shultz et al. v. Manufacturers & Traders Trust Co. et al., D.C., 1 F.R.D. 53; United States v. Griffeth Amusement Co. et al., D.C., 1 F.R.D. 229; Lowe et al. v. Consolidated Edison Co., D.C., 1 F.R.D. 559; Twin Ports Oil Co. v. Pure Oil Co., D.C., 46 F.Supp. 149.

The joint motion of defendant, Fruco Construction Company, Fruin-Colnon Contracting Company and Massman Construction Company to make complaint more definite and certain is sustained as follows:

### Item I

As to Paragraph 1 of motion, the complaint should state: What plans of said "Ordnance Plant" are referred to, in paragraph 4 of the complaint. The remainder of Paragraph 1 of Item I of the motion is overruled.

Paragraphs 2 and 3 of Item I of the motion are overruled.

The complaint should state whether the alleged specifications set out on pages 3 and 4 of the complaint were the specifications used in the construction of the buildings of said Ordnance Plant; the remainder of paragraph 4 of Item I of the Motion is overruled.

Paragraph 5 of Item I of the motion is overruled.

### Item II

Item II of the motion is sustained, excepting that part reading "of what said examination consisted", and as to the latter the motion is overruled.

### Item III

The complaint should state in paragraph 7 the items or kind of glazed tile which the plaintiff claims The Coates Company to be the "low bidder" on, in the bid referred to in paragraph 7.

The complaint should state with respect to paragraph 7: What particular glazed tile the plaintiff refers to as having been used in the construction of said Ordnance Plant and the buildings in which the same was to be installed, the aggregate cost of which plaintiff claims would have been $180,640.70 computed on the prices at which plaintiff claims The Coates Company offered the same.

The complaint should state with respect to paragraph 7: What particular glazed tile the plaintiff refers to as having been used in the construction of said Ordnance Plant and the buildings or structures where the same was used, the aggregate cost of which plaintiff claims was $205,690.26.

Paragraph 4 of Item III of the motion is overruled.

### Item IV

Paragraph 1 of Item IV of the motion is overruled.

As to paragraph 10 of the complaint it should state: At what price does plaintiff say The Coates Company was in a position to furnish the "Ayer Company" tile, and at what price the National Fireproofing Corporation tile; to what kind

and size of glazed tile said prices applied; in what quantities of the different kinds and sizes such prices would have applied and what is meant by "time limit" and "large quantity" referred to in lines 12 to 13, inclusive, on page 6, paragraph 10 of the complaint.

The language "later made applicable also to vertical-celled units" at the bottom of page 7, in paragraph 12 of the complaint, should be amplified by stating by what means and at what time this change in the bid of The Coates Company was made.

### Item V

Paragraph 13, sub-paragraph (a) of the complaint should state: What items, quantities and kinds of glazed tile are intended to be referred to in said sub-paragraph and what prices does plaintiff refer to as "substantially lower prices" alleged to have been bid by The Coates Company.

The complaint should state, with respect to paragraph 13, sub-paragraph (b): What particular specifications, for what buildings, by whom prepared and the date of adoption as alleged in sub-paragraph (b) as having indicated that by far the greater part of the tile to be used was horizontal-celled tile.

The complaint with respect to paragraph 13, sub-paragraph (b) should further state: The names of the persons who are alleged in sub-paragraph (b) to have had a secret understanding between themselves concerning the quantities of horizontal-celled tile that would actually be used in the buildings at said Ordnance Plant.

Paragraph 4 of Item V of the motion is overruled.

### Item VI

Paragraph 20 of the complaint should state: The names of the persons who are alleged to have conspired together on or about April 23rd, 1941, what false and fraudulent claims they conspired together to have allowed and paid by the government, and in what respects the said claims were false and fraudulent.

### Item VII

Paragraph 21 of the complaint should be more specific and should state: What particular acts were done by said defendants or either of them that were done as a result of the alleged conspiracy, agreement and combination and in what particulars were said acts fraudulent and in what particulars did the government suffer damage thereby and in what particular amounts and through what officers or agents for said defendants were said agreements made and frauds committed.

### Item VIII

Paragraph 22 of the complaint should be more definite and certain and state: In what particulars does the plaintiff claim the bills, receipts, vouchers, certificates and claims for reimbursement which were made by these defendants and presented to the government for payment under their contracts referred to in the complaint in connection with Purchase Order 1224 and Change Orders 267, 396 and 1398, were fraudulent.

Paragraph 22 of the complaint should further be made more definite and certain and state: What are the items of structural facing tile alleged to have been used in the St. Louis Ordnance Plant, and the description thereof, for which the plaintiff claims an excessive price was paid and from what sources is it claimed by plaintiff the "requisite" tile was "otherwise" obtainable.

### Motion of Defendant St. Louis Clay Products Company, to Make Complaint More Definite and Certain.

Motion is overruled as to Items I, II, IV, V, VI, VII, VIII and IX, such items being a duplication of the assignments in motion above ruled on.

### Item III

Paragraph 7 of the complaint should be more definite and certain and state:

The number of pieces, the glaze, size and kind of glazed tile and the price of each item for which the government paid $278,-395.97.

The number of pieces, the glaze, size and kind of glazed tile and the price of each item which the defendants paid $72,705.71.

What amount of said $72,705.71, was paid to The Coates Company, and what amount of said $72,705.71, was paid to other suppliers. The remainder of Item III of motion is overruled.

### Motion of Defendant, E. T. Davenport, to Make Complaint More Definite and Certain.

Motion is overruled because the items are a duplication of motions filed by other defendants and the ruling on such other motions will supply this defendant with all the relief to which he is entitled, in the opinion of the court.

Motion of Defendants Fruco Construction Company, Fruin-Colnon Contracting Company, and Massman Construction Company to Strike Certain Parts of Complaint.

The defendants who were the contractors for the Small Arms Ammunition Plant complain of the presence in the complaint of reference to the contracting fee for the plant as a whole. Evidence on this subject may or may not be admissible on the issues in the trial of this case. Evidence in a suit of this character sometimes takes a wide range. Inclusion in the complaint of the allegations complained of does not determine their admissibility in evidence. We do not believe the presence of the allegations in the petition can prejudice the defendants, and therefore will not disturb the pleadings in the above respect.

The remainder of the motion to strike, and referring particularly to the last paragraph in paragraph numbered 4 of the complaint is sustained.

Plaintiff is granted 30 days from date of this order to file amended complaint in compliance with the above ruling.